CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

HENRY N. RANDLE, County Treasurer.

. *Opinion filed December 21, 1899.*

1. SCHOOLS—*the adoption of the general City and Village act does not abrogate consistent provisions of special charter relating to schools.* The adoption of the general law for the incorporation of cities and villages does not abrogate provisions of special charters not inconsistent with provisions of the general law relating to the support and management of public schools.

2. SAME—*extent of change in special charters effected by general School law.* Under section 7 of the general School law, as amended in 1891, (Laws of 1891, p. 197,) the only change effected in the public school provisions of special charters of cities and villages is to make the limit of taxation for educational and building purposes the same as under the general School law.

3. CONSTITUTIONAL LAW—*provisions of School law changing special charters are not unconstitutional.* The provisions of the general School law which affect the method of constituting the board of education and change the limit of taxation for school purposes prescribed in special charters are not in violation of section 22 of article 4 of the constitution, prohibiting the passage of special laws changing the charter of any city or village.

· 4. TAXES—*when tax for building purposes need not be authorized by vote of people.* A city working under special charter provisions concerning public schools may levy a tax for building purposes without a vote of the people authorizing the erection of the school building, if the special provisions contain no such requirement.

5. EVIDENCE—*when the adoption of labor system for road taxes is not proved.* The adoption of the "labor system" for paying road taxes is not shown by the record of a town meeting at which such system was voted for, where there is no statement in the record nor proof offered at the trial that the requisite petition by the voters to submit the question of adopting the system was filed. ·

6. SAME—*that witness had worked out road tax does not show adoption of labor system.* Testimony that the witness had worked out a road tax for his father, who owned a farm in a certain town, does not show that such town had adopted the labor system.

7. SAME—*presumption that public officers did their duty does not establish jurisdictional facts.* The presumption that public officers having in charge the submission of the question of working out road taxes, performed their duties, is not sufficient to establish the jurisdictional facts that the proper election petition was filed and proper notice of election posted and published as provided by statute.

Appeal from the County Court of Montgomery county; the Hon. M. J. McMurray, Judge, presiding.

George F. McNulty, (Amos Miller, of counsel,) for appellant:

A school board existing by virtue of a special charter can levy a two per cent tax for educational purposes but cannot levy the three per cent tax for building purposes unless authorized by a vote. Section 1 of article 8 of chapter 122, (Starr & Curtis, p. 3706,) and section 7 of article 16 of same chapter, (p. 3730,) are to be construed together, and one limits the powers given in the other.

No election having been held authorizing the erection of a school house, the city council had no authority to levy any sum for such purpose. Two per cent was the limit of a legal levy. *Railroad Co.* v. *People,* 155 Ill. 276; *Lawrence* v. *Traner,* 136 id. 474; *Wabash Railway Co.* v. *People,* 147 id. 196.

The city of Litchfield having incorporated under the general law, all parts of its special charter inconsistent with that general law are no longer applicable. Article 12 of the special charter is inconsistent with the general law, inasmuch as it makes the city council *ex officio* the board of education of the city. Such powers are inconsistent with the powers given in article 5 of chapter 24 of the Revised Statutes.

Members of a city council cannot hold or exercise two city offices. Rev. Stat. chap. 24, sec. 5, art. 3; *Law* v. *People,* 87 Ill. 385; *Cairo* v. *Bross,* 101 id. 475; 9 Ill. App. 406; *Hayward* v. *People,* 145 Ill. 55.

The town of Irving having adopted the labor system of paying the district road tax, it was necessary, before any legal extension of the tax could be made, that the tax levy be given to an overseer and notice of the assessment given by the overseer; that the overseer make return to the supervisor; that the supervisor report to the county board the delinquent list. This not being done

the tax was illegal, and the county clerk could not extend it.  *Railroad Co.* v. *People*, 164 Ill. 506; Starr & Curtis' Stat. secs. 80-117, pp. 3592-3595; *Railroad Co.* v. *People*, 171 Ill. 525.

EDWARD C. AKIN, Attorney General, M. M. CREIGHTON, State's Attorney, (C. A. HILL, JOHN P. GARDNER, and B. D. MONROE, of counsel,) for appellee:

The adoption of the general act for the incorporation of cities and villages by the city of Litchfield did not abrogate any of the provisions of the special charter in relation to the system and management of schools.  *Smith* v. *People*, 154 Ill. 58; Hurd's Stat. chap. 24, sec. 6; *Speight* v. *People*, 87 Ill. 600; *Fuller* v. *Heath*, 89 id. 313.

The power to erect school buildings and purchase sites carries with it, by implication, the power to provide a fund with which to pay for them.  *Fisher* v. *People*, 84 Ill. 491; *Bull* v. *Read*, 13 Gratt. 78.

In the absence of special provisions to the contrary, authority to impose taxes for school purposes confers the power free of control of the voters or tax-payers. *Munson* v. *Miner*, 22 Ill. 595; *Merritt* v. *Farris*, id. 303; *Schofield* v. *Watkins*, id. 66.

Appellant failing to show by the certificate of the school directors that the rate levied was in excess of the amount authorized by law, the objection was properly overruled.  *English* v. *People*, 96 Ill. 566; *Railroad Co.* v. *People*, 177 id. 80.

JAMES M. TRUITT, also for appellee:

On petition of at least twenty-five legal voters of a town in counties under township organization the town clerk shall call a special town meeting, to be held on the last Tuesday in August, to vote on the question of paying in labor the district labor and property road tax. The petition shall be filed fifteen days before the meeting, and of such meeting at least ten days' notice shall be given.  Starr & Cur. Stat. chap. 139, secs. 52, 58, 59, art. 6.

The giving of the notice required by the statute is jurisdictional. In this case the evidence is not sufficient to show that notice was given. *Johnson* v. *Stephenson,* 39 Ill. App. 88; *Stephens* v. *People,* 89 Ill. 337; *People* v. *Jackson County,* 92 id. 441; 6 Am. & Eng. Ency. of Law, 297.

Where the law provides for a special town meeting or election but does not point out the manner of giving notice, the notice shall be in the same manner and for the same length of time as for other special meetings or elections. *People* v. *Dutcher,* 56 Ill. 144.

The evidence that notice was given must be preserved by filing the notices with proof of service, or the minutes of the recording officer should recite the facts and not give the mere conclusion of the officer. *Johnson* v. *Stephenson,* 39 Ill. App. 88; *People* v. *Lee,* 112 Ill. 113.

The burden was upon appellant to show notice was given. The giving of notice cannot be inferred. *People* v. *Jackson County,* 92 Ill. 441; *Thorp* v. *King,* 42 Ill. App. 513.

Mr. Justice Carter delivered the opinion of the court:

The county court, over the objections of appellant, entered judgment against and order of sale of appellant's property for delinquent school and bridge taxes. Only so much of the school tax included in the judgment was objected to as exceeded two per cent of the assessed value of appellant's property, appellant's contention being, that the city was limited to that amount by provisions of its former special charter which were not abrogated by its adoption of the general law for the incorporation of cities and villages.

It is well settled that the adoption of the general law did not abrogate those provisions of special charters not inconsistent with such general law relating to the support and management of public schools. (*Fuller* v. *Heath,* 89 Ill. 296; *Speight* v. *People,* 87 id. 595; *Smith* v. *People,* 154 id. 58; *Brenan* v. *People ex rel.* 176 id. 620.) The special provisions which remained in force after the adoption of

the general law, important to be considered here, authorized the city council: "First, to erect, hire or purchase buildings suitable for school buildings, and to keep the same in repair; second, to buy or lease sites for school houses, with the necessary grounds; third, to furnish schools with the necessary fixtures, furniture and apparatus; fourth, to maintain, support and establish schools, and supply the inadequacy of the school fund for the payment of the city teachers from school taxes." And also provided that: "Eighth, the city council shall be, *ex officio*, trustees and directors of schools, but they may appoint six (6) inspectors, or two for each ward in the city, to be denominated a board of school inspectors, and shall establish and prescribe their powers and duties; ninth, and generally to have and possess all the rights, powers and authority necessary for the proper management of the schools, and the school lands and funds belonging to the said school district, with power to enact such ordinances as may be necessary to carry their powers and duties into effect." By subsequent acts applicable to such cities it was provided that the powers and duties of the members of the city council, as *ex officio* members of the board of education, or school directors, should devolve on a board to be appointed by the mayor and city council, and that the board should certify to the council the amount required to be raised by taxation for school purposes for the ensuing year, which amount the city council should cause to be levied and collected in the same manner provided by law for the levy and collection of taxes for school purposes in such district. It was further provided that such amount should not exceed the amount allowed to be collected for school purposes by the general School law. (3 Starr & Cur. 1220, 1221.)

The appellee insists that section 1 of article 8 of the general School law authorizes the authorities of such cities to levy "not to exceed two per cent for educational and three per cent for building purposes," and that the

limitation of two per cent for all school purposes, con-
tained in the provisions of the old special charter of the
city of Litchfield, no longer exists but has been displaced
by the limitation contained in the general law. In *People
ex rel.* v. *Mayor and City Council of Bloomington,* 130 Ill. 406,
it was held that that act did not authorize a board of
education specially incorporated to require the city au-
thorities to levy the rate prescribed by the act; that if
the act authorized the council to make the levy to the
extent specified, it was discretionary, and could not be
coerced by the board. This case, though it discusses the
effect of the statute, does not settle the point here in-
volved. There is an amendatory statute, however, ap-
proved March 31, 1891, (Laws of 1891, p. 197,) which would
seem to settle the question beyond controversy. That
part of it applicable here is as follows: "This act shall
not be so construed as to repeal or change, in any re-
spect, any special acts in relation to schools in cities
having less than one hundred thousand inhabitants or
incorporated towns, townships or districts, (except that
in every such city, town, township or district the limit of
taxation for educational and building purposes shall be
the same as that fixed in section 1, article 8, of this act.)"
Here is an express declaration that the only change in
special laws applicable to such cities, effected by the
general School law, is to make the limit of taxation for
educational and building purposes the same as that pre-
scribed by the general School law. It follows that the
city of Litchfield had the power to levy the school tax
in question, unless, as contended by appellant, the said
statutes affecting the board of education and changing
the limit fixed by the special acts are unconstitutional,
or unless the tax for building purposes is void because
the question of erecting a new building was not author-
ized by a vote of the people.

It is contended that the acts in question violate that
clause of section 22 of article 4 of the constitution which

183—24

prohibits the General Assembly from passing any local or special law incorporating cities, towns or villages, or changing or amending the charter of any town, city or village. The acts in question do not violate this provision. They apply to all cities in the State having such school laws and prescribe for them the same methods of constituting the board of education, and of the same limit of taxation as is prescribed for other cities which levy school taxes under the general law. These acts tend to uniformity rather than to perpetuate differences. Surely an act which should repeal all such special laws would not be a local or special law and obnoxious to this provision of the constitution, and so, one repealing all special limitations, leaving all other provisions of such special acts in force, is, upon the same principle, not prohibited. Statutes have been passed changing limitations upon the rate of taxation for other purposes as fixed in special charters of cities so incorporated, so as to produce greater uniformity, but their constitutionality has not been seriously questioned. In *Culbertson* v. *City of Fulton*, 127 Ill. 30, a statute of this character was applied and no question of its validity was suggested. We are of the opinion that the acts in question are not in conflict with said provision of the constitution.

The next question is, is the tax for building purposes invalid because the erection of the building was not authorized by a vote of the people? We have just seen that the special school provisions in the old charter remained unchanged in every respect except as to the rate of taxation and the appointment and organization of the board of education. These special laws contain no provision for submitting the question of the erection of a school house to a vote of the people, therefore no such vote was necessary.

It is next contended that the court erred in giving judgment for the township road and bridge tax. The objection is, that this tax was not properly levied under

sections 13 and 14 of the act in regard to roads and bridges, because, as it is said, the town had adopted the labor system under section 80, and that that and subsequent sections governed the collection of this tax and were not complied with.   Appellee, in answer to this objection, says, first, that the several sections in question relate to different taxes,—one a tax for road and bridge purposes and the other for road purposes only; and second, even if the taxes are the same, that the record fails to show that the town had adopted the labor system.   As the second contention disposed of the question we will not consider the first.

To prove the adoption of the labor system appellant gave in evidence the town records kept by the town clerk, which stated that "at a special town meeting held in the town of Irving, county of Montgomery, State of Illinois, in Dr. Hobson's office, on the 28th day of August, 1883, after legal notice was given, the meeting was called to order," etc., and stating the opening of the polls, etc., and that the total votes polled were twenty-four, and that in favor of the payment in labor of the district labor and property tax twenty votes were cast and against it four votes were cast.   Appellant called one witness, who testified that for five or six years before testifying he had worked out for his father, who owned a farm in the town, a road tax.   There was no further evidence tending to prove the adoption of the labor system, and we are of opinion that the evidence adduced was insufficient to establish such adoption.   The evidence failed to show that the necessary petition, signed by not less than twenty-five legal voters, to have the proposition to adopt the labor system submitted to the legal voters of the town, was signed and filed with the town clerk, as required by section 80, and the only evidence of any notice to the voters of this special election was the recital in the record that the meeting was held "after legal notice was given."   Paragraphs 52 and 58 of chapter 139 of the Re-

vised Statutes, (Township Organization,) provide that notice of such meetings shall be given by posting written or printed notices in three of the most public places in the town at least ten days prior to the meeting, and if there is a newspaper published in the town, by at least one publication therein prior to the meeting. The filing of the petition and the giving of the statutory notice were jurisdictional facts necessary to be proved. They cannot be presumed. (*Commissioners* v. *Harper*, 38 Ill. 103; *Shinkle* v. *Magill*, 58 id. 422; *Board of Supervisors* v. *Magoon*, 109 id. 142; *Frizell* v. *Rogers*, 82 id. 109; *Schott* v. *People*, 89 id. 195.) And if the recital in the record that the meeting was held after legal notice should be held sufficient evidence of notice, still no proof whatever of the petition was given or offered. The clerk was the legal custodian of the records, books and papers of the town, (sec. 112,) but no effort was made to make the necessary proof of the jurisdictional facts upon which the validity of the vote cast at this special meeting to adopt the labor system depended, except as stated.

It is not correct, as contended, that from the presumption that these officers did their duty it must be presumed that the proper petition was filed and the proper notice of the election was posted and published in the manner and for the length of time provided by the statute. Such a presumption is not sufficient to establish jurisdictional facts. In *Shinkle* v. *Magill*, 58 Ill. 422, it was held that the recital in the final order of the commissioners that the notices required by the statute were posted in three of the most public places in the town eight days before the meeting, to hear reasons for or against the laying out of the road, was sufficient evidence of the facts so recited, and if the rule there laid down were held to apply to the meeting here in question it would not sustain appellant's proposition, for the reason that the record of the meeting here in question contains no statement that the necessary petition was filed as required by the statute. (See

*Cummings* v. *West Chicago Park Comrs.* 181 Ill. 136.) Nor is the testimony of the witness Wiley, merely that he had worked out a road tax for his father in the town, sufficient to prove that the town had adopted the labor system. The return of the collector made a *prima facie* case, and the burden was on appellant to sustain its objections, which it failed to do.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*