JULIAN P. LIPPINCOTT

v.

BOARD OF EDUCATION OF JACKSONVILLE SCHOOL DIST.

*Opinion filed June 21, 1900.*

SCHOOLS—*when building tax may be levied without prior vote.* Where existing special charter provisions concerning public schools do not require a prior vote of the people favoring the erection of a school building, a tax for building purposes in excess of the amount required for current expenses may be levied without the authority of such prior vote. (*Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* v. *Randle*, 183 Ill. 364, followed.)

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

JULIAN P. LIPPINCOTT, *pro se.*

CHARLES A. BARNES, J. J. REEVE, and L. O. VAUGHT, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The board of education of Jacksonville school district was created by a special act of the legislature passed February 15, 1867. (1 Priv. Laws of 1867, p. 336.) It was created at the same time and as part of the same act incorporating the city of Jacksonville, and the boundaries of the district and of the city are co-extensive. The school board is composed of one member elected from each of the four wards of the city, and the mayor, who is *ex-officio* president. The board of education deeming the old school building inadequate and unsafe, concluded it would be advisable to erect a new building on the old site, and on July 4, 1898, they included in their annual levy the sum of $21,420 for building purposes, which the city council approved and the same was certified to the county clerk, and the same has since been collected and turned over to the treasurer of the board. Plans were

adopted, and on November 23, 1898, a contract was entered into with a heating firm for heating, ventilating and sewering the proposed new building for $4123.80, to be paid for, one-half in September, 1899, and one-half in January, 1900. Bids for the building were advertised for, to be opened April 14, 1899. On that day plaintiff in error filed his bill, averring himself a resident, voter and tax-payer, and seeking, on behalf of himself and the community, to restrain the board of education from levying and collecting, or attempting to levy and collect, or certifying to the city council, any tax in excess of one per cent for school purposes without being authorized so to do by a majority of the voters of the district at an election to be held for that purpose; from entering into any contract promising to pay money not in the possession of the board; from entering into any contract to purchase or erect any building on credit; from tearing down the old building, or from making any loan without being authorized by such vote. The bill further averred that none of the money to be derived from the levy of $21,420 for building purposes had been paid into the treasury; that the items of freight, etc., which the board had obligated itself to pay, would run the heating contract already entered into up to $6000; that the buildings proposed to be erected would cost $45,000 to $50,000, by which a heavy debt would be incurred, for which they proposed to levy a tax without authorization by any vote of the people at any election held for that purpose; that the city is not authorized to provide for any indebtedness, its assessed valuation being $1,730,347 and the bonded indebtedness $243,500.

The defendants answered, denying that the board derived all its powers from the special act creating it, but that under the general law the limitation as to levy of taxes has repealed the former limitations, and that it is authorized to levy two per cent for educational and three per cent for building purposes, without reference to a

vote of the people authorizing same. The answer denies that it has awarded or is about to award a contract, or intends to open any bids or to contract any indebtedness until the cost is fully provided for; admits intention to make an additional levy of about $20,000, and to thereby create a sufficient fund for the erection of the building intended to be erected.

The cause being referred to the master, and being thereafter heard by the court, a decree was entered dismissing the bill at the cost of the board of education. It was stipulated that the $21,000 assessed for 1898 for building purposes was about one and one-half per cent of the assessed valuation. The master found that the board intended erecting a building costing not to exceed $40,000, to be paid for out of the $21,000 levied in 1898 and the balance to be levied in 1899; that they intended to build in the summer of 1899, using the money on hand and issuing anticipatory warrants for the balance; that the board, learning that an injunction was to be asked for, concluded among themselves to take no further steps until the summer of 1900, when they would have the money, and finds there is no cause for an injunction.

Plaintiff in error's bill proceeded on two grounds for which an injunction was sought: First, that the board of education was proceeding to incur an indebtedness, and to thereafter levy a tax to pay the same, without being authorized by a vote of the people; and second, that the board of education had no authority to levy a tax in excess of the amount limited for current purposes without being authorized by a vote of the people.

As the answer, affidavits and proofs offered by defendants in error show that they had determined not to build or contract any indebtedness until the cost was fully provided for, and as the bill was dismissed at their cost, a discussion of the first ground relied on by plaintiff in error for an injunction will not be here necessary. As to the other and only remaining question involved on this writ

of error, the same may be fully disposed of by reference to the case of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle,* 183 Ill. 364, where this court has passed on the question adversely to the contention of plaintiff in error.

Finding no error in the record the decree of the circuit court of Morgan county is affirmed.

*Decree affirmed.*