The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* G. W. Vickers, County Collector.

*Opinion filed December 18, 1901.*

1. Taxes—*a vote to pay road tax in labor must be based upon proper
petition and notice.* Under section 80 of the Road and Bridge act, in
order to invest an annual town meeting with jurisdiction to adopt
the proposition to pay the district labor and property road tax in
labor, and thereby effect a change in the mode of paying such tax,
it is essential that the petition prescribed in such section be filed
and that the statutory notice thereof be given by the town clerk.

2. Same—*jurisdictional prerequisites not established by presumption
that public officers perform their duties.* The filing of the petition re-
quired by section 80 of the Road and Bridge act where it is pro-
posed to change the mode of paying the district labor and property
road tax, and the giving of the necessary notice by the town clerk,
are not established by the presumption frequently indulged that
public officers perform their duties.

Appeal from the County Court of Boone county; the
Hon. W. C. DeWolf, Jr., Judge, presiding.

Robert W. Wright, (A. W. Pulver, and S. A. Lynde,
of counsel,) for appellant.

Chauncey B. Dean, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

To the application of the appellee collector of the
county of Boone for a judgment and order of sale against
the property of the appellant company for the delinquent
district road tax for the year 1900, in the sum of $196.34,

assessed under the labor system against it in the town of Boone, in said county, the appellant company filed the following objections: "That said tax is void and uncollectible, for the reason that the labor system, under which said tax is levied, has never been legally adopted in said town; that no proper petition was filed with the town clerk, under section 80 of the Road and Bridge law of the State of Illinois, asking to have the proposition to pay in labor the district labor and property road tax submitted to the legal voters of said town, and that no notice was ever given by the town clerk that the question of paying in labor the district labor and property road tax in said township would be submitted to the legal voters of said township." The objections were heard and overruled and judgment awarded the collector, and the appellant company has perfected this appeal.

The collector's application, which was prepared in accordance with the requirements of the statute and duly verified by his oath, constituted a *prima facie* case against the appellant company, and, unless overcome by proof, authorized the judgment. *People* v. *Givens,* 123 Ill. 352; *People* v. *Chicago and Alton Railroad Co.* 140 id. 210.

The tax sought to be enforced by the appellee could not have been legally levied unless the town of Boone had adopted the labor system, in compliance with the provisions of section 80 of chapter 121, entitled "Roads," etc. (Starr & Curt. Stat. 1896.) This section authorizes "the proposition to pay in labor the district labor and property road tax" to be submitted to the legal voters of any town at any annual meeting of the town, if a petition signed by not less than twenty-five legal voters of the town shall have been filed with the town clerk not less than fifteen days before such annual town meeting, and the town clerk shall have stated in the notice of such annual meeting that the proposition will be submitted to the legal voters of the town at such meeting. The filing of the petition and the giving of the statutory

notice by the clerk were necessary in order to invest the annual town meeting with jurisdiction to adopt the proposition and effect a change in the system of paying the tax in question. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* v. *Randle,* 183 Ill. 364.

In support of its objections that the labor system had not been adopted by the town of Boone, the appellant company introduced one Mark F. Nesmith, who testified that he was the town clerk of the said town of Boone, and had occupied such position for two years last past; that he also occupied the said position in previous years, among them the year 1884; that in his official capacity he had the records of the town, including all papers and files belonging to the office,—so far, at least, as had been preserved. He produced the town clerk's record of the town of Boone. The record contained therein, relied upon to show the adoption of the labor system by the town, was read in evidence, as follows: "Annual town meeting held the first day of April, 1884. For payment in road and property tax in labor, 234; against payment of road and property tax in labor, 4." The said clerk then testified, in substance, as follows: "I have examined the files of the town clerk with reference to finding petition for submission of that question by twenty-five legal voters, and have not been able to find such petition; have no knowledge or recollection of there having been such petition; I don't know anything about it; I searched thoroughly for the papers; took the papers out of the desk, paper by paper, and looked them through; I think we found papers filed in town clerk's office in 1884; found them in different years; found papers further back than 1884; I was town clerk at that time, 1884; I have no recollection as to notice or petition." Cross-examination: "There must have been a petition, but my memory doesn't go back so far; I don't have any recollection one way or the other." No other or further testimony on the point was produced by either party.

It does, not appear, by recitation or otherwise, in the record of the proceedings of the annual town meeting, that the requisite petition had been filed or the requisite notice given to authorize that body to act upon the proposition to adopt the labor system. Nor do the files and papers in the office of the town clerk show that such petition was filed or such notice given. Nor was any proof offered tending to show that such petition had ever been filed with the clerk, or that the notice given by the clerk of the annual town meeting in 1884 stated that the proposition in question would be submitted to the legal voters at that meeting. That these jurisdictional prerequisites were complied with is not established by the presumption frequently indulged that public officers perform their duties. (*Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* v. *Randle, supra.*) The omission of any recital in the record of the proceedings of the town meeting in question, and the fact that the records and files in the office of the town clerk of the town did not contain any evidence that a petition had been filed or that notice had been given, in the absence of further and other proof, sufficiently demonstrated that the annual town meeting of said town was lacking in jurisdiction to take action upon the proposition of changing the system of taxation adopted by the legislature to another system of making payment of such taxes. If so lacking in jurisdiction, the action purporting to have been taken by such annual town meeting was without legal force or effect. That being true, it follows the tax for which judgment was asked had been levied and extended without lawful authority. Taxes are burdens imposed by law upon persons or property as enforced contributions levied by the authority of law. If such authority is lacking the tax is illegal, and being illegal, is unjust.

The judgment must be and is reversed, and the cause will be remanded.　　　　*Reversed and remanded.*