## JOHN G. SCHMOHL

*v.*

## J. C. WILLIAMS, County Clerk, *et al.*

*Opinion filed April 17, 1905.*

1. SCHOOLS—*when act of 1897 and 1901, concerning election of board of education, does not apply.* The act of 1897, as amended in 1901, (Laws of 1901, p. 293,) concerning the election of boards of education, does not apply to a school district organized and operating under a special law and not under the general School law, even though some of the provisions of the general law apply to the particular district.

2. INJUNCTION—*tax will not be enjoined for a defect which may be remedied.* Collection of a school tax will not be enjoined because the certificate of levy was not signed by the president and secretary of the board of education and was not under seal, since the defect may be remedied upon application for judgment of sale.

3. SAME—*authority of school directors to hold office cannot be questioned by bill for injunction.* Collection of a school tax will not be enjoined upon the ground that the *de facto* school directors were not directors *de jure,* since the proper remedy to determine that question is by a *quo warranto* proceeding.

APPEAL from the Circuit Court of JoDaviess county; the Hon. R. S. FARRAND, Judge, presiding.

Appellant filed his bill in the circuit court of JoDaviess county against the county clerk of that county, the city of Galena and the president and ten members of the board of school directors of the school district of the` city of Galena, (or school·district No. 120,) in said county, in which he sought a perpetual injunction against the computation, extension and collection of all of the school taxes of that district levied by the city council of the city of Galena for the year 1904.

The allegations of the bill are, that the school district of the city of Galena (now school district No. 120) was organized by a special act of the legislature in 1861; that the members of the city council were made school directors, and authority was vested in them to manage the schools and levy the taxes; that under the act of May 29, 1879, certain persons appointed and confirmed by the city council were substituted as school directors in place of the members of the council; that on May 10, 1901, an act was passed requiring the election of these members of the board of school directors in place of their appointment by the mayor and city council, and that such a board of school directors was never elected by the people, but there is now a body of eleven persons claiming to be the school directors of said school district of the city of Galena who were appointed by the mayor and confirmed by the city council of the city pursuant to the act of 1879; that this body, by a resolution not under seal, certified to the city council that the sum of $18,750 would be needed for the year 1904 for general school purposes and a

like amount for building a new school house in said district; that an ordinance was duly passed by the city council making a tax levy of these amounts, and this ordinance was duly certified to the county clerk for extension; that the question of erecting a school building in said district had never been submitted to the voters of said district and was never authorized by them, as required by law; that the tax levy as made was illegal and void for want of authority in the party levying it to make the same. The prayer was for a perpetual injunction restraining the extension and collection of the tax. Upon answer being filed and a hearing had the bill was dismissed for want of equity. From this decree an appeal has been prosecuted to this court.

M. H. CLEARY, for appellant.

J. C BOEVERS, M. J. DILLON, and SHEEAN & SHEEAN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The determination of the questions at issue involves a consideration of the laws under which the school district of the city of Galena is now operating.

On February 20, 1861, an act of the General Assembly was approved in which the city of Galena was created and constituted one school district and the members of the city council were made directors of the public schools in and for said district. (Private Laws of 1861, p. 200.) The act provided that the city council should have full power and authority to establish, maintain and regulate, for at least six months and not exceeding eleven months in each year, a sufficient number of free schools for the children in the district over five and under twenty-one years of age; to sue for and collect the money arising from any fund for the support of schools or for educational purposes to which the inhabitants of said district might then or thereafter be entitled,

215—5

which money, when collected, was to be paid into the treasury of the city of Galena, to be expended by the city council for the support of schools, and for no other purpose; to create the schools in said district and make subdivisions thereof; to purchase or lease sites for school houses, with necessary grounds, and to erect, hire or purchase buildings for school purposes and keep the same in repair; to hire teachers; to appoint a board of school inspectors and prescribe their duties; to levy and collect taxes for the payment of all expenses incidental to the maintaining of all free schools and for all the purposes enumerated in the act, said taxes to be called school taxes, and the money arising therefrom, together with all the school money belonging to the city, to be kept in a separate fund, to be used for none other than school purposes.

The schools continued to operate under this special act till May 29, 1879, when an act of the General Assembly was passed (Laws of 1879, p. 285,) which provided that in all cases where, by the provisions of any general or special law, the members of the common council of any city are made *ex officio* school directors or members of the board of education in and for the school district of which said city shall constitute the whole or a part, said school directors or members of the board of education shall be appointed by the mayor of said city at the regular meeting of the city council in the month of July, 1879, and they shall be confirmed by the city council, being two persons for each ward of said city, to serve for a term of two years, said persons so appointed to constitute the board of school directors of said city in lieu of the members of the city council, and to have all of the rights, powers and duties prior to that time exercised by the members of the city council as *ex officio* members of the board of education or school directors. Section 4 of the act provided that the board of school directors or board of education as thus appointed should annually, before the first day of August, certify to the city council, under the hands and seals

of the president and secretary of the board, the amount of money required to be raised by taxation for school purposes in said district for the ensuing year, which amount was to be levied by the city council. After the passage of the act of May 29, 1879, the mayor of the city of Galena appointed the members of the board of school directors, as required in the act, in lieu of the members of the city council, and the board of school directors, as thus appointed, continued to exercise all of the powers which had prior to that time been vested in the members of the city council by virtue of the act of 1861.

On June 10, 1897, an act of the General Assembly was approved (Laws of 1897, p. 289,) which provided that in all school districts organized under any special laws of this State and maintaining public schools under the general School law, where there is no provision in said special acts creating such special school districts for the election of boards of education as otherwise provided, there shall be elected in each of said special school districts, in lieu of the school directors as now provided, a board of education, to consist of seven members, to be elected at the time and in the manner now provided by the general law for the election and qualification of boards of education in other cases, said board of education, when so elected and qualified, to have the powers of trustees of schools in school townships as is now provided by law.

On May 10, 1901, an act of the General Assembly was approved amending the act of June 10, 1897, by providing that in all school districts in this State organized under any special law and maintaining public schools under any general law, where there is no provision in said special act creating such special district for election of boards of education as otherwise provided, there shall be elected in each of said special school districts, in lieu of the school directors as now provided, a board of education, to consist of seven members, to be elected at the time and in the manner as now provided by the general law for the election and qualification of boards of education in other cases, said board to have all the

powers of trustees of schools in school townships, and also to have the powers of school directors as is now provided by the general School law, and to have all the powers and perform all the duties of boards of education in school districts having a population of not less than 1000 and not over 100,000 inhabitants under the general School law as the same now exists, as set forth in article 6 of the School law, or shall be conferred by any future alteration thereof by the legislature.

It is insisted by appellant that at the time of the passage of the act of 1897 and the amendment in 1901, as the school district in question had been organized under a special act of the legislature and the schools were being maintained under the general School law of the State, both amendments were applicable, and it then became the duty of the inhabitants of the school district to elect a board of education consisting of seven members, who were to act in lieu of the eleven persons appointed and confirmed by the mayor and council, and that by reason of the failure to elect said board of education there was no proper authority to levy the taxes for the year 1904, and the levy is therefore null and void. We cannot agree with this contention. The school district was first organized in 1861 by a special act of the General Assembly. That act conferred upon the members of the city council full power and authority as school directors, and charged them with the obligation of establishing, directing and maintaining à system of free schools, with full power and authority to levy taxes and handle all funds derived therefrom. The only change made by the statute of 1879 was the substitution of a board of education appointed by the mayor in place of the members of the common council. None of the other powers, duties or authority were changed, and the members of the board as appointed and confirmed had all the powers originally vested in the members of the council. The school district was therefore operated, not under the general School law of the State, but under a special act of the legislature. This condition of affairs continued from that

time until the present. In 1897, and in 1901, when the amendments were made requiring the election of a board of education, those acts were not applicable to the school district in question, because that district was not being operated under the general School law but by virtue of the special act of the legislature. While it may be true that some of the provisions of the general School law applied to this particular district, it cannot be said that those were the kind of general laws which the two acts were intended to cover.

This conclusion is sustained by many decisions of this court and the various acts of the legislature. On many occasions the legislature has recognized the existence of school districts in the State operating under special charters, and in almost every one of such cases the district has, to a certain extent, been also governed by the general laws. On May 21, 1889, (Laws of 1889, p. 256,) a general act was passed establishing and maintaining a system of free schools in the State of Illinois. Sections 1 and 2 of article 6 (p. 302) of that act recognize the existence of school districts operating under special acts and in no way interfere with them, and section 15 of article 6 (p. 306) of the same act provides a method by which schools acting under special charters may come under the provisions of the general law. This latter act was passed many years prior to the act of 1897, and there is nothing in this record to show any attempt upon the part of the voters of this school district to abandon their operation under their special charter and organize under the general law. On May 15, 1903, the General Assembly (Laws of 1903, p. 306,) passed a special act providing for the election of a board of education in all school districts having a population of over 35,000 and existing by virtue of any special charter. The acts of 1897 and 1901 were unlimited as to population, and if the construction and application of these two acts contended for by appellant are correct the enactment of 1903 was wholly useless, as the acts of 1897 and 1901 would apply without limit to all school districts organized under

special laws which in any respect were operating under the
general law. In the case of *Cleveland, Cincinnati, Chicago
and St. Louis Railway Co.* v. *Randle,* 183 Ill. 364, we held
that where ·a school district was organized under a special
law and adopted the general law, the adoption of the general
law did not abrogate those provisions of the special charter
not inconsistent with such general law.

We are of the opinion that the special acts of 1897 and
1901 were not applicable to the school district in question,
and that the board of education as appointed by the mayor
and confirmed by the council was the proper board of edu-
cation to have charge of the school affairs of said school
district.

The tax levy as made for the year 1904 was levied in the
manner provided by the statute. It is claimed, however,
that that part of the levy made for building purposes was not
authorized by a vote of the people, and therefore is illegal.
Under the authority of the special charter it was not neces-
sary to submit this question to a vote of the people, and
therefore the levy was good. *Cleveland, Cincinnati, Chicago
and St. Louis Railway Co.* v. *Randle, supra; Lippincott* v.
*Board of Education,* 186 Ill. 205.

Objection is further made that the certificate of levy as
made by the president and secretary of the board of educa-
tion was not under seal, as provided by the statute. We
deem it sufficient to say that this is a defect which could have
been remedied, on proper application, when the county treas-
urer asked for judgment and order of sale, (*Chicago and
Alton Railroad Co.* v. *People,* 171 Ill. 544; *Keokuk Bridge
Co.* v. *People,* 161 id. 132; *Indiana, Decatur and Western
Railway Co.* v. *People,* 201 id. 351;) and therefore a court
of equity will not interfere by injunction.

We do not think appellant had the right to question the
acts and appointment of the appellee school directors in this
collateral manner, in any view of the case. They were duly
appointed by the mayor and confirmed by the city council.

They were therefore school directors *de facto,* even if not *de jure,* and the proper method of questioning their authority would be by a *quo warranto* proceeding rather than by a bill in equity. Mere irregularities and inconformities in levies, or the authority of school directors to hold their offices, can not be questioned by a bill in equity. *Metz* v. *Anderson,* 23 Ill. 410; *Blake* v. *People,* 109 id. 504; *People* v. *Board of Education,* 101 id. 308; *Burgess* v. *Davis,* 138 id. 578.

There is no reversible error in this record, and the decree of the circuit court will be affirmed.    *Decree affirmed.*