THE PEOPLE *ex rel.* John M. Rea, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*when a labor system election is prima facie invalid.* An election to adopt the labor system for paying road taxes is *prima facie* invalid where a certain petition under which the election might have been held is introduced in evidence and is not in compliance with the statute and no other petition under which the election could have been held can be found among the files of the town clerk's office, since such facts authorize the presumption, in the absence of contrary proof, that the election was held under the defective petition. (*Toledo, St. Louis and Western Railroad Co. v. People,* 225 Ill. 425, distinguished.)

2. SAME—*what is not sufficient to overcome presumption that tax was legally levied.* The fact that the original petition under which a labor system election was held cannot be found among the files of the town clerk's office more than twenty years after the election, during which period the town has been levying taxes under the labor system, is not, of itself, sufficient to show that the election was held without a petition or to overcome the presumption that the tax was legally levied.

3. SAME—*a tax for repairs, grading and tiling around school house should be levied for educational purposes.* A tax for the purpose of making repairs, grading and tiling around a school house should be levied for school purposes and not for building purposes.

4. EVIDENCE—*when record of petition for election is not admissible.* Testimony of a town clerk that he could not find in his office the original of any petition under which a certain labor system election could have been held is not sufficient preliminary proof to justify admitting in evidence what purports to be the record of such a petition.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

WILSON, WARREN & CHILD, for appellant.

W. H. STEAD, Attorney General, and L. V. HILL, State's Attorney, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the Toledo, St. Louis and Western Railroad Company from a judgment of the county court of · Montgomery county, rendered against its property for delinquent taxes for the year 1906.

The first objection made by the appellant was to a portion of the town taxes for the town of Grisham. It is conceded by appellant in this court that the evidence does not warrant a refusal of judgment for this tax.

Objection was made to certain district road taxes and road and bridge taxes levied in the townships of Fillmore and East Fork. All the district road taxes and road and bridge taxes objected to were levied on the theory that the townships were under the labor system, and it is agreed that the only question as to the taxes in each town is whether or not the labor system had been legally adopted. If yea, the taxes were properly levied; if nay, the application for judgment should have been denied.

Section 80 of chapter 121, Hurd's Revised Statutes of 1905, provides that the proposition to pay in labor "the district labor and property road tax" in any town may be submitted to the legal voters upon petition of twenty-five legal voters of the town, which petition shall be filed with the town clerk. In Fillmore township it appeared that the question was voted upon under a proper petition (which was offered in evidence) in 1903, and that the result of the election was adverse to the adoption of the labor system. In 1904 the question was again submitted, and on this occasion the electorate voted to adopt the labor system, but it is contended on the part of appellant that the petition under which that election was held was signed by but twenty-one voters, and a petition signed by that number of voters only, asking that the question be submitted at the election of 1904, was offered in evidence. Joseph Miller, the clerk of that town, testified that he had made a thorough search of the files in

his office and that the two petitions mentioned were the only
ones on file in his office, so far as he could ascertain. Evi-
dence of this character, in the absence of proof to show that
any other petition was in fact filed, is sufficient to warrant
the conclusion that the question was submitted in 1904 by
virtue of the petition which was signed by twenty-one voters
only. *Chicago and Northwestern Railway Co.* v. *People,*
193 Ill. 539.

In the case of *Toledo, St. Louis and Western Railroad
Co.* v. *People,* 225 Ill. 425, relied upon by appellee, the rec-
ords in the town clerk's office were offered in evidence and
failed to show that any petition had been recorded. Inas-
much as the statute does not require that the petition should
be recorded it was held that the fact that the petition did
not appear to have been recorded was not sufficient to over-
come the presumption that the tax was legally levied. That
case is not in point here. The petition should be filed in the
clerk's office and should there remain. Proof that a certain
petition which is not in compliance with the statute was
found there, which is apparently the one by virtue of which
the election was held, and proof that no other petition by
virtue of which that election could have been held was found
on the files, is sufficient to raise the presumption that the
election was held by virtue of the petition so proven, and the
burden is thereby cast upon those seeking judgment for the
taxes, to show that there was, in fact, another petition filed
which complied with the statute. The objections to the
taxes in Fillmore should have been sustained.

As to East Fork township, certain voters, evidently un-
der the impression that the town was under the labor system,
filed a petition in 1904 to have the question of a return to
the cash system submitted to the voters. At the election the
majority voted against returning to the cash·system. There-
after, in August, 1906, the question of adopting the labor
system in that town was submitted to the voters and the
election resulted in favor of adopting that system, and it is

conceded that the labor system is now in force in that town, but as the proceedings of the town authorities which are attacked were had prior to that election, or by virtue of a town meeting held prior to that election, the question is whether the labor system was theretofore in force.  It was shown, however, that in 1884 an election had been held in this town upon this question and the result was in favor of adopting the labor system.  The clerk of the town testified that he could not find in his office the original of any petition by virtue of which that election was held, but that since that time the town had been operated under the labor system. For the purpose of supplying the missing petition the appellee was permitted to offer in evidence what purported to be the record of the petition, signed by thirty-three voters of the town, by virtue of which the election of 1884 was held. This record was improperly admitted, for the reason that proof prerequisite to the admission of secondary evidence of the contents of the petition was not made.  But we think that without this proof the evidence would not warrant the conclusion that there had been no proper petition filed.  It simply shows that now no such petition can be found on file in the office of the clerk.  We think that after the lapse of twenty-three years, proof that no petition is to be found on the files is not sufficient, standing alone, to overcome the presumption that the tax was legally levied.  The proof in reference to the non-existence or illegality of the petition should have gone farther.  We conclude that the objections to the district road tax and the road and bridge tax in East Fork township were properly overruled.

In school district No. 107 the school directors made a levy for educational purposes of the full amount which they are permitted to levy under the statute, and levied an additional sum of $200 for building purposes.  The portion of this $200 which was extended against the property of appellant was objected to, for the reason that, although ostensibly levied for building purposes, it was, in fact, levied

for school purposes. The testimony of W. A. Nelson, the clerk of the board, was taken, and he testified that this $200 levied was intended to pay for "repairs, for grading and tiling around the house, and such,—for repairs, as near as I can give it." Such expenses should be provided for by a tax levied for "school purposes" and not by a tax levied for "building purposes." (*O'Day* v. *People*, 171 Ill. 293; *Wabash Railroad Co.* v. *People*, 187 id. 289; *Illinois Southern Railway Co.* v. *People*, 215 id. 123.) The objection to this school tax should have been sustained.

The judgment of the county court of Montgomery county will be reversed and the cause will be remanded to that court, with directions to overrule the objections to the town tax of Grisham township and the district road tax and the road and bridge tax of the town of East Fork, and to enter judgment for the same, and with directions to sustain the objections made to school taxes of district No. 107 and to the district road tax and the road and bridge tax of the town of Fillmore, and to refuse judgment therefor.

*Reversed and remanded, with directions.*