Charles Benton, Appellant, v. Kaneville Community High School District No. 147 et al., Appellees.

Gen. No. 7,867.

Opinion filed August 15, 1928.

E. L. LYON, for appellant; D. W. COCKFIELD, of counsel.

WORCESTER & LORD, for appellees.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Appellant, a resident taxpayer in appellee community high school district, filed his bill against appellees, praying for an injunction restraining the board of directors and the treasurer of said district from paying out the funds of the district for the construction of a high school upon certain premises known as the "Hayes site," and from issuing bonds or levying taxes to raise money therefor.

Appellant contends that another site known as the "Baptist Church site" had already been selected at an election duly called and held on August 4, 1925; that without determining that additional facilities for school purposes or an additional school site was needed, and without an election to abandon the "Baptist Church site," the school board unlawfully called and held another election on February 20, 1926, at which the "Hayes site" was declared to have been selected.

The bill alleges that a petition was duly filed with the school board more than 10 days prior to August 4, 1925, praying an election to locate a schoolhouse site; that the requisite petition was filed to place the "Baptist Church site" on the ballot; that the election was duly called and notice thereof posted 10 days prior to the date of the election, and that such election resulted in the selection of the "Baptist Church site." The allegations of the bill are in apt language and embrace in detail the statutory requirements for the holding of a valid election.

The bill further sets out the proceedings taken by the school board relative to the subsequent election of February 20, 1926, and the condemnation of the "Hayes site." It alleges that notices of that election were not posted 10 days prior thereto and charges other irregularities and defects.

The answer of appellees denies the allegations of the bill as to the alleged election of August 4, 1925, and alleges that it was not held in compliance with the statute and was wholly irregular and illegal. It

denies that the election on February 20, 1926, was unlawfully called or that there was any irregularity in the proceedings or the election, but alleges that it was legal and valid in all respects. It sets out the condemnation proceeding for the "Hayes site" and alleges that in that proceeding the validity of the election of February 20, 1926, was raised and the election held valid; that the holding of the court in that case is *res adjudicata* of the questions here involved; that appellant is guilty of laches in delaying to institute his suit until bonds had been issued, taxes levied, contracts let for the construction of the schoolhouse, and actual work begun upon it, and that he is estopped to maintain this suit. After a hearing, a decree was entered dismissing the bill for want of equity.

At a meeting of the school board held on February 10, 1926, a resolution was adopted calling the election of February 20, 1926. In the preamble of the resolution it is recited among other things that the board had determined that the "Baptist Church site" is unsuitable. Appellant claims that the school board thereby recognized the legality of the election held on August 4, 1925, and is now estopped to deny its validity. If the election held on that date was illegal, the school board could not validate it by any subsequent act tending to show that the board recognized the election as valid; nor were they estopped by their action to deny its validity. The powers and duties of municipal corporations, such as cities, are of two kinds: First, public or governmental, and second, private or proprietary. But school districts are charged with duties purely governmental in character and are the agencies of the State existing for the sole purpose of performing duties in connection with the maintenance of an efficient system of free schools, and differ from cities and other municipal corporations which have power to function in certain private capacities. *(Lincke v. Moline Board of Education,* 245 Ill. App. 459.) The doctrine of estoppel does not apply

to the exercise of governmental functions. (*Otis El. Co. v. City of Chicago,* 263 Ill. 419; *People v. Brown,* 67 Ill. 435; *Washingtonian Home of Chicago v. City of Chicago,* 157 Ill. 414.) Estoppel does not apply to a matter in the nature of a public right. (*People ex rel. Slusser v. Gary,* 196 Ill. 310.)

The record of the school board in reference to the election of August 4, 1925, showed the following entries: June 30th, "Motion made and carried that we ask a vote for $18,000, for the purpose of buying or remodeling for high school purposes, the Baptist Church property and building on the grade school building." July 13th, "Motion made and carried that we ask a vote of $20,000." August 4th, "Special election held Aug. 4th." These were the only record entries introduced in evidence which pertain to that election. Appellant undertook to show by oral testimony that the statutory proceedings necessary to a valid election had been complied with. The testimony tends to show that the ballots and other records of the election were lost.

Several witnesses testified that previous to August 4, 1925, petitions were circulated for the calling of an election to select a school site. Their testimony was vague and uncertain. It does not affirmatively appear that the petitions were signed by one-fifth of the legal voters of the school district, or that the petitions were ever filed with the school board. It was not shown that the notices of the election were posted 10 days prior thereto, and there was no competent evidence as to the result of the election. Two witnesses testified that the propositions to select the "Baptist Church site" and to issue $20,000 of bonds carried at the election, but their testimony was clearly hearsay.

One of the members of the school board testified that he posted the notices of the election. One of them was posted on July 25th, seven of them on the 26th, and the remainder on July 27th. It thus appears that

only one of the notices was posted 10 days prior to the election. His testimony is undisputed. It further appears from the testimony of this witness that the petition to place the "Baptist Church site" on the ballot was not filed with the clerk of the school board until about the 27th or 28th of July. Section 127 of the Schools Act, Cahill's St. ch. 122, ¶ 137, provides that such a petition shall be filed with the clerk of the board at least 10 days prior to the election.

It is contended by appellant that the testimony of this witness was incompetent, and it is insisted that it was inadmissible because it tended to contradict the written record made by the school board. Appellant attempted to establish the validity of the election of August 4, 1925, by evidence *dehors* the record of the school board, and claims the right to do so because the record is silent, but insists that the same kind of evidence on behalf of appellees is incompetent. His position is inconsistent. If, because the record is silent, oral testimony was competent on his part to show that the necessary steps had been taken for a valid election, it would seem to follow that oral testimony was competent to show that such steps had not been taken. It is, however, immaterial in this case whether the testimony on behalf of appellees was or was not competent. It was incumbent upon appellant to establish the allegations of his bill by a preponderance of the evidence. This he failed to do. Even if it be conceded that the testimony on his behalf was competent, and the testimony on behalf of appellees was incompetent, upon which questions we express no opinion, the testimony on behalf of appellant was not sufficient to sustain the allegations of his bill. Under the law we must presume that the chancellor disregarded any incompetent evidence and based his findings and the decree upon the failure of appellant to establish his case.

A valid petition signed by one-fifth of the legal

voters of the district was a condition precedent to the calling of the election, and the posting of notices in the manner required by law was a condition precedent to the holding of the election. The giving of notice for the length of time and in the manner required by the statute is a condition precedent essential to the election. (*People v. Hartquist,* 311 Ill. 127.) The requirement of notice is mandatory and jurisdictional, and unless complied with, the election is a nullity. (*Roberts v. Eyman,* 304 Ill. 413.) It is necessary to prove the jurisdictional facts. They cannot be assumed. (*Chicago, C., C. & St. L. Ry. Co. v. Randle,* 183 Ill. 364.) That jurisdictional prerequisites were complied with is not established by the presumption frequently indulged that public officers perform their duties. (*Chicago & N. W. Ry. Co. v. People ex rel. Vickers,* 193 Ill. 539.) Under the most favorable construction that can be given the testimony on behalf of appellant, it failed to establish compliance with the jurisdictional requirements relative to the petition and notice of the election of August 4, 1925.

The record of the school board pertaining to the election held on February 20, 1926, shows a compliance with the statutory requirements for holding a valid election. It is of no moment that the petition for the holding of this election asked that the site theretofore selected be abandoned. Neither is it of any consequence that the board in its resolution determined such site was unsuitable. The petition called for the holding of an election to locate a schoolhouse site, to authorize its purchase and the building of a schoolhouse. Proper notice of the election and all the other steps necessary for a valid election are shown by the record. Appellant having failed to sustain the allegations of his bill, the chancellor rightly dismissed the same for want of equity, and the decree is affirmed.

*Decree affirmed.*