(No. 26765.—

THE PEOPLE *ex rel.* Earle G. H. Cromer, Appellee, *vs.* THE VILLAGE OF MAYWOOD *et al.*—(EDWARD D. MARKHAM, Appellant.)

*Opinion filed November 17, 1942.*

CHARLES J. MONAHAN, for appellant.

THOMAS TIGHE, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Edward D. Markham, was police magistrate of the village of Maywood, and was receiving a salary of $200 a month. On August 9, 1941, he accepted a commission as captain in the United States army and since then has been stationed at Scott Field, where his compensation from the United States government aggregates $340 a month, and all of his time has been spent away from Maywood since August 9, 1941, so that he has not performed the duties of the office of police magistrate since the acceptance of his commission.

Earle G. H. Cromer, an elector, resident and taxpayer of Maywood, filed a petition, in the circuit court of Cook county, for a writ of *mandamus* to compel defendants, who were officers of the village, to call an election to fill a vacancy in the office of police magistrate. By order of court appellant, Edward D. Markham, was made an additional defendant. His appearance and later his motion to strike were filed. The reasons set forth in his motion to strike are, (a) that section 3, article IV, of the constitution of 1870 does not apply to the office of police magistrate because it is exempted from the prohibition against holding two offices; (b) that the proper authority to call the election is the county clerk and not the village officers; (c) that *mandamus* is not the proper remedy and that petitioner has no right to file such a petition; and (d) that appellant has not ceased to be a resident of the village of Maywood. The village officials, as respondents, filed an admission of facts, which all parties accepted as true, to the effect that appellant accepted his captaincy on October 8, 1941; that he is assigned to the office of Post Judge Advocate at Scott Field, which is outside said village; that he has spent a majority of his time outside the village since August 9, 1941, and has returned to the village only for short visits; and that he receives a captain's pay. These respondents withdrew an answer previously filed and made a motion to strike paragraph 7 of the complaint, on the ground that section 3 of article IV of the constitution excepts justices of the peace from the provision that no person holding an office of honor or profit under the United States government shall hold any office of honor or profit in this State and that the office of justice of the peace and police magistrate are, in law, one and the identical office.

The motions to strike were overruled and respondents having elected to stand by said motions, the court found that a vacancy exists and ordered the writ to issue directing the village officials to call an election to fill the vacancy. This appeal followed.

Only two points are argued by appellant: (1) that *quo warranto* and not *mandamus* is the proper remedy; and (2) that there was no evidence offered to support the finding that there was a vacancy in the office of police magistrate.

The function of a writ of *quo warranto* is to question the right of the respondent who is charged with usurping, intruding into or unlawfully holding or executing any office. In *McPhail* v. *People ex rel. Lambert,* 160 Ill. 77, we held that the right of a person, who had begun to use and exercise the office of police magistrate, could be questioned in a *quo warranto* proceeding. The subsequent holding of an office to which one was originally legally elected may become unlawful. In such cases *quo warranto* is the proper remedy. (*Burgess* v. *Davis,* 138 Ill. 578.) Likewise, the alleged usurpation by a *de facto* officer may be tested. (*Schmohl* v. *Williams,* 215 Ill. 63.) But none of those questions is involved here.

If a vacancy exists and if the village officers, by reason thereof, have the official duty to call an election to fill such vacancy, they may be compelled by *mandamus* to perform such official duty. (*People ex rel. Oliver* v. *Knopf,* 198 Ill. 340.) Where no charge is made that someone is usurping, intruding into, or unlawfully holding or executing an office, no title to the office is involved. That is the case here. If a vacancy exists and the official duty to call an election to fill it is not performed, *mandamus* is the direct method of compelling the performance of official duties imposed by law. (*People ex rel. Ettelson* v. *Faherty,* 306 Ill. 119.) Where a vacancy occurs by virtue of the self-executing provisions of the constitution, a writ to compel the proper filling of such vacancy does not attack the title to the office of one who held the office before the vacancy occurred. See *People ex rel. Miller* v. *Hotz,* 327 Ill. 433. *Quo warranto* was not the proper remedy in this case and appellant might properly have been denied the right to be

made an additional defendant in this suit. The point assigned that the village officials are not the proper parties to call an election to fill a vacancy in the office of police magistrate has been waived by appellant by not arguing the same.

This court is definitely committed to the rule that under our constitution a captain in the United States army cannot hold an office of honor or profit under the authority of this State and that the induction into military service by one commissioned as a captain automatically vacates the office to which a person has been previously elected. This rule has been applied to a city officer. (*Fekete* v. *City of East St. Louis,* 315 Ill. 58.) Appellant contends, however, that the office of police magistrate is the same as justice of the peace and is specifically excepted from the operation of the above rule by the applicable words of section 3 of article IV of the constitution of 1870, which are: "No judge or clerk of any court, secretary of state, attorney general, state's attorney, recorder, sheriff, or collector of public revenue, member of either house of congress, or person holding any lucrative office under the United States or this state, or any foreign government, shall have a seat in the general assembly: *provided,* that appointments in the militia, and the offices of notary public and justice of the peace, shall not be considered lucrative. Nor shall any person, holding any office of honor or profit under any foreign government, or under the government of the United States (except postmasters whose annual compensation does not exceed the sum of $300) hold any office of honor or profit under the authority of this state."

The exact words above quoted were contained in the State constitutions of 1818 and 1848 and re-incorporated in the constitution of 1870. That provision of the constitution is self-executing. (*Ogren* v. *Rockford Star Printing Co.* 288 Ill. 405.) It has only once, so far as we are able to find, been construed by this court, and that was

under the 1848 constitution, but the same provision under the present constitution is subject to the same construction and we must adhere to the conclusion this court reached in *Dickson* v. *People ex rel. Brown,* 17 Ill. 191. In that case it was held that the word "lucrative" as used in the constitution, only disqualifies for a seat in the General Assembly, but that an office of profit or honor, whether lucrative or not, shall not be held under one government, and another office of profit or even of mere honor, under the other government. This court there held that the acceptance of the office of United States marshal automatically vacated an office in a State institution for the education of the deaf and dumb, although such office carried no salary or other emolument save that it was a position of honor. The words "honor or profit," as used in the constitution, were held to include any civil position in which a person is appointed to perform public functions even though they may be administrative functions. To those views we still adhere. We entertain no doubt that the offices of justice of the peace and police magistrate are equally within the exception of the provisions of section 3 of article IV of the constitution. (*People ex rel. Akin* v. *Matteson,* 17 Ill. 167.) But we are equally convinced that the incumbents thereof are only permitted to occupy the office of member of the General Assembly and not any office of honor or profit under the United States government. The office of captain in the United States army and of police magistrate of the village of Maywood are both positions of profit and honor. Neither principle nor authority will justify any other construction of the constitution.

The trial court therefore properly ordered the writ of *mandamus* to compel the village officials to call an election to fill the vacancy and the judgment is affirmed.

*Judgment affirmed.*