The People, *ex rel.* Burgess *v.* Wilson.

THE PEOPLE, on the relation of W. T. BURGESS, Plaintiffs in
Error, *v.* ROBERT S. WILSON, Defendant in Error.

APPEAL TO COOK COUNTY COURT OF COMMON PLEAS.

The eleventh section of the fifth article of the constitution of Illinois, which pro-
vides that no person shall be eligible to the office of judge of any court in this
State, who is not a citizen of the United States, and who shall not have re-
sided in this State five years next preceding his election, and who shall not
for two years next preceding his election have resided in the division, cir-
cuit, or county in which he shall be elected, applies only to judges of courts
established or recognized by the constitution, and which are required to be
elected by the voters of divisions, circuits, and counties.

The constitution is not a grant of power, but a limitation of the power of the
legislature. And it is competent for the legislature to establish inferior
courts of civil and criminal jurisdiction in the cities of this State, and to pre-
scribe the qualifications of the judges of such courts.

THIS was an information in the nature of a *quo warranto,*
against Robert S. Wilson, for usurping, intruding into, and un-
lawfully holding the office of judge of the recorder's court of
the city of Chicago. The affidavit in support of the informa-
tion, stated that under and by virtue of an act entitled "An Act
to establish the recorder's court of the city of Chicago," approved
February 12, A. D. 1853, an election was held in said city on the
first Tuesday of March, 1853, for a judge of said court, in pur-
suance of the first section of said act; that Wilson was elected,
commissioned, sworn into office, and has entered upon its
duties; that he had not, at the time of his election, resided five
years next preceding such his election to said office in this
State.

The defendant Wilson was ordered to show cause why leave
should not be granted to file the information.

The cause was heard before J. M. WILSON, Judge, of the
Cook County Court of Common Pleas, at June term, 1854, of
that court.

The People, *ex rel.* Burgess *v.* Wilson.

Leave was not granted; and Burgess sued out this writ of error.

FARNSWORTH and BURGESS, for the relator.

H. FRINK, T. HOYNE, D. McILROY, and R. S. BLACKWELL, for the defendant in error.

*Per curiam.* The judgment of the court of common pleas must be affirmed for the reasons stated by the judge of that court; whose opinion is adopted as the opinion of this court.

*Judgment affirmed.*

SCATES, J., dissented.

The opinion of the Judge of the Cook County Court of Common Pleas (J. M. WILSON) is as follows:—

This is a motion for leave to file an information in the nature of a *quo warranto*, to try the right of the respondent to hold the office of the recorder of the city of Chicago.

In the argument of the motion a great variety of questions have been discussed, touching the nature of the proceeding; its history; the rights, liability, and qualifications of the relator; the authority and power of the prosecuting officer; the power and duty of the court in permitting the proceeding to be instituted; and the right of the respondent to hold the office.

The conclusion to which I have arrived makes it unnecessary for me to refer to any but the last. It was admitted that the election at which the respondent was elected to the office of recorder was held for that purpose, and conducted in a legal manner; that the respondent received a plurality of all the votes cast for recorder, and that he is entitled to hold the office unless he was at the time of his election constitutionally ineligible.

It was also admitted that the respondent had not resided in this State five years next preceding his election. It is insisted, that for that reason he was not eligible to the office of recorder, under the eleventh section of the fifth article of the constitution.

It therefore becomes necessary to give a construction to this section. Its language is, " No person shall be eligible to the office of judge of any court of this State, who is not a citizen of the United States, and who shall not have resided in this State five years next preceding his election, and who shall not for two years next preceding his election have resided in the division, circuit, or county in which he shall be elected," &c.

The People, *ex rel.* Burgess *v.* Wilson.

By the first section of the same article it is provided as follows : " The judicial power of this State shall be, and is hereby vested, in one supreme court, in circuit courts, in county courts, and in justices of the peace : *Provided*, that inferior local courts, of civil and criminal jurisdiction, may be established by the general assembly in the cities of this State," &c. In the same article it is provided that a judge of the supreme court shall be elected by the qualified electors of each grand division of the State, a circuit judge in each circuit, and a county judge in each county.

The language of the eleventh section, if applied distributively, having reference to the corresponding provisions of the same article, would be as follows : No person shall be eligible to the office of judge of the supreme court of this State who is not a citizen of the United States, and who shall not have resided in this State five years next preceding his election, and who shall not for two years next preceding his election have resided in the division in which he shall be elected. By substituting the words " circuit judge " for "judge of the supreme court," and " circuit " for " division," you have the qualifications of a circuit judge ; and by substituting the words " county judge " for " circuit judge," and " county " for " circuit," you have the qualifications of a " county judge."

The word " division " is only applicable to the judges of the supreme court; " circuit " is only applicable to the circuit judges ; and " county " is only applicable to county judges ; and each provision has reference to the fact that these judges are respectively elected by the qualified voters in these specified localities.

It is evident that the judges referred to in this section must not only have resided in the State five years, but also two years in the designated division, circuit, or county.

As applied to the judges of the supreme, circuit, and county courts, there is no difficulty nor uncertainty in relation to the application of the language.

By what rule of construction can the terms division, circuit, county, or either of them, be applied to the recorder of the city of Chicago, elected by the qualified voters of the city of Chicago ?

When it is assumed that it applies to a locality beyond that within which the officer is elected, the principle upon which the requirement is made ceases to operate ; and it may as well be said that the recorder must have resided in the division or circuit as in the county.

If the constitution had simply provided that no person should

be a judge of any court in this State unless he is a citizen of the United States and had resided in this State five years next preceding his election, there would have been less room for construction, and more doubt of the eligibility of the respondent. In such a case, the only inquiry would be, Is he elected to the office of a judge of a court in this State?

That the office is that of a judge of a court, in a legal sense, there can be no doubt. But the persons referred to as elected judges in the eleventh section, are those of whom it may be alleged, as a fact showing ineligibility, that such person has not resided two years immediately preceding his election either in the division, circuit, or county in which he is elected. Can this be said of the recorder of the city of Chicago? In what division, circuit, or county has he been elected? Clearly in none, in the sense of the constitution. And there are a number of facts, some of which are made applicable to the judges referred to in the eleventh section, neither of which can be predicated of the recorder of the city of Chicago.

The language of section eleven is clear and explicit, he must be à person to whom the objection of a want of two years' residence in the division, circuit, or county, would apply, as well as the objection of a want of five years' residence in the State; and as only the latter can apply to the respondent, the office of recorder is not such an office as is referred to in the section of the constitution. By reference to the first section of the fifth article, before quoted, it will be seen that justices of the peace are officers in whom, with the judges of the courts named, is vested the judicial power of the State. Justices of the peace are judges, in the legal sense of the word, having power to decide upon the rights of others by authority of law; and the place in which a justice exercises his power, by adjudicating and deciding as a justice, is a court. 3 Bl. Com. 23.

Yet they are called "justices of the peace," and thus contradistinguished from those called judges in the eleventh section. The fact that they are called by another name is evidence that the convention did not intend to include justices of the peace in the term judges, as used in the eleventh section. And this, so far as I am advised, has been the uniform construction of the constitution in every part of the State. Here, then, is a numerous and important class of judges in the State, holding courts in numerous places almost constantly, and in whom is vested a portion of the judicial power of the State, and who are not included in the term judges as used in the eleventh section.

It follows that the term is used in a restricted sense, and does

not include all who may properly be called judges of courts in the State.

The court is to ascertain from the language of the section itself, and what precedes and follows, the intention and object of the convention. This I have already attempted to do upon the assumption that the recorder of the city of Chicago would have been included in the term judges, as used in the eleventh section, if it had only provided for a residence in the State five years previous to election, but I am far from conceding that the recorder of the city of Chicago would be included even in that case. On the other hand, I am convinced that, upon every recognized principle of construction, the term judges could not include any except such as were made judges, or recognized as such by the constitution.

It is to be recollected that constitutional provisions, so far as they relate to the power of a State legislature, are not grants of power, but limitations of power, and that the rule in such case is that such provisions shall be strictly construed. Fletcher *v.* Peck, 6 Cranch, 87; Golden *v.* Price, 3 Wash. C. C. R. 313; The People *v.* St. R. R. R. Co. 15 Wend. 133; Field *v.* The People, 2 Scam. 79; Sawyer *v.* The City of Alton, 3 Scam. 127. In the present case, when the constitution was formed, no such court as a recorder's court was in existence, and, for any thing that was then known, might never be established.

The fifth article treats exclusively of the judicial department; it declares in what courts the judicial power is vested; defines the qualifications, duties, and salaries of the judges; the jurisdiction and powers of the courts, etc.; and then proceeds, in the language already quoted, to provide that "no person shall be eligible to the office of judge of any court in the State," &c. By what rule of construction am I authorized to add the words, "or that may be hereafter established in this State."

The language is in the present tense, and evidently refers to the judges and courts then established; and in relation to which the convention were making the provisions already referred to. When the subject-matter of legislation is so apparent, no rule of construction, so far as I am aware, will allow a court to presume that something else was intended, and thus deprive the legislature, by implication, of power to legislate upon a given subject.

That the convention did not intend to include the judges and courts that might be established under the proviso to the first section of the fifth article, is further evident from the fact, that in the twenty-fourth section of the same article, they refer to the courts as inferior local courts in cities.

The People, *ex rel.* Burgess *v.* Wilson.

As they did not include justices' courts, which are inferior local courts in counties, if they intended to include inferior local courts in cities, it is to be presumed the convention would have specified the qualifications of judges of inferior courts in cities, especially as no such courts had been established, if it was intended to make a distinction between them and justices of the peace in this particular.

Besides, to presume that the convention intended to include in general words, inferior courts and judges of such courts not in existence, when, by the terms used, other inferior courts and judges in existence, of a similar grade, are excluded, as in the case of justices of the peace, is to presume against the intention of the convention as indicated by excluding justices of the peace.

Construing the constitution by the established rules of construction, then, without reference to decisions of analogous cases, I conclude that the recorder of the city of Chicago is not one of the judges referred to, or contemplated in the eleventh section of the 5th article. But authority is not wanting. The case of Respub. *v.* Dallas, 3 Yates, 300, is strikingly analogous to the present case. In that case a motion was made, before the supreme court of Pennsylvania, for a rule against the respondent, to show cause why an information in the nature of a *quo warranto* should not be filed against him for exercising the office of recorder of the city of Philadelphia, the respondent holding at the same time the office of district attorney of the United States for the eastern district of Pennsylvania.

The decision of the case depended upon the proper construction of the eighth section of the second article of the constitution of that State, declaring, among other things, " that no person holding or exercising any office of trust or profit under the United States, shall at the same time hold or exercise the office of judge," &c., or any other office in the State to which a salary was by law annexed, &c. It was conceded that every condition applied to the respondent; that he held an office of trust and profit under the United States at the same time that he held the office of recorder; that he was a judge; and that if he was such a judge as the constitution contemplated, the court was bound to grant leave to file the information.

Upon the motion, the whole question was elaborately argued by eminent counsel; and, after taking the case under advisement, C. J. Shippen delivered the unanimous opinion of the court, denying the motion, on the ground that the respondent was not such a judge as the constitution referred to. The court arrived at this conclusion by a course of reasoning which is, in

my judgment, conclusive, and which, in almost every particular, applies to the present case with equal if not greater force than to the case before that court.

As this decision involves the construction of a portion of the constitution, and affects a class of judicial officers that will probably become numerous, and an important branch of the judiciary, it is important that the question should be settled by the highest tribunal of the State. Without expressing any opinion in relation to the right to appeal, I shall afford every facility in my power to enable the relator to present the case to the supreme court.

The motion is denied.