J. D. BROWN

*v.*

MOSES JEROME.

*Filed at Springfield March 28, 1882.*

1. CONSTITUTIONAL LAW—*power of police magistrate to issue process against the body.* A provision in a charter of a town giving the police magistrate power, in certain contingencies, to issue process against the body of an offender, for the satisfaction of the judgment against him for violation of an ordinance, is not in violation of any constitutional provision, and is valid.

2. PROCESS—*when a protection to officer serving.* The statute having authorized the issue of execution by justices of the peace, in certain cases, within less than twenty days from the date of the judgment, a constable receiving an execution against the body of a defendant, issued within twenty days from the judgment, will have the right to assume that the justice had properly issued the same, and if good upon its face, it will fully protect the constable in executing its mandate.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. E. L. SWEET, for the plaintiff in error.

Mr. T. J. SMITH, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of trespass, brought in the circuit court, by Jerome against Brown, for assault and battery, and unlawful imprisonment, alleged to have been committed by the defendant upon the person of plaintiff. Defendant justified the arrest by a plea setting up the recovery of a judgment by the town of Rantoul against plaintiff, of $10, as a fine for a violation of an ordinance of that town, and the issuance of process upon that judgment by the police magistrate of the town before whom the judgment was recovered, and the delivery thereof to the defendant, a constable, to be executed. To this plea the circuit court sustained a demurrer, and the cause proceeded to judgment against Brown, for damages ($25) and costs. He brings the record here upon writ of error. The ground for bringing the case to this court direct, is the supposed question as to the validity of a statute.

The charter of the town of Rantoul, passed in 1869, expressly authorizes suits for violation of ordinances to be brought before the police magistrate, and also authorizes him, in certain contingencies, to issue process against the body of the offender for satisfaction of judgments in such cases. It is contended by defendant in error that by the adoption of our present constitution this last clause in the charter was abrogated, and that hence the process issued in 1879 under that clause was illegal and void.

Two clauses of the constitution are relied upon,—one saying, "the jurisdiction of justices of the peace and police magistrates shall be uniform," (sec. 21, art. 6,) and the other saying, "the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process and judgments of such courts severally, shall be uniform." It is not perceived that anything in these clauses militates against the validity of this process. The adoption

of the constitution placed police magistrates in the same grade with justices of the peace. This no doubt abrogated all statutory provisions clothing such magistrates with special powers not possessed generally by justices of the peace, but it did not deprive them of any powers possessed generally by justices of the peace. The ordinance was valid. Section 14, chap. 79, Rev. Stat. 1874, says: "Justices of the peace shall have jurisdiction, in all cases, for violation of the ordinances of cities, towns and villages." By operation of the constitution this clothes police magistrates with the same jurisdiction, if they had it not before. Section 83 of the same chapter declares, that "upon all judgments in actions in tort * * * the justice may issue an execution against the body, or goods and chattels of the defendant, at the election of the plaintiff." It can hardly be questioned at this day that an action for the violation of an ordinance is an "action in tort." The form of the process against the body in such actions is given in section 86 of the same chapter, and the process set out in the plea in this case in substance conforms to the form in the statute. It seems, therefore, that unless the validity of these general statutes be wanting, the judgment and process were lawful.

It is suggested that the process was void because issued in less than twenty days from the date of the judgment. The statute authorizes execution to issue, in certain contingencies, within less than twenty days. The constable had a right to assume that the justice had properly issued the process. It was good upon its face, and was a full protection to the constable. We think the plea presented a full defence. It was error to sustain a demurrer to the same.

The judgment is, therefore, reversed, and the cause remanded.

*Judgment reversed.*