## Commissioners of Highways v. William A. Jackson.

1. DEMAND—*Upon a Public Officer to Perform His Duty, Unnecessary.*—Where the object of a suit is to compel a public officer to perform a duty which he owes to the public, no demand is required before bringing suit.

2. POLICE MAGISTRATES—*Jurisdiction in Matters Pertaining to the Opening of Roads.*—A police magistrate is vested by the constitution and statute with the same jurisdiction as a justice of the peace, and such police magistrate may lawfully act in proceedings to assess damages for opening a highway.

3. HIGHWAYS—*Final Meeting of the Supervisors in Opening, Held Outside of the Town.*—In laying out a highway the supervisors do not exercise their powers as officers of the town in which the road is located, but as supervisors of the county, and their proceedings are not void because their final meeting is not held within the limits of the town.

4. SAME—*Damages for Opening Where the Indebtedness of the Town Exceeds Five Per Cent, etc.*—The proceeding to assess damages for the opening of a highway can not create a debt against a township. It is but the ascertainment of the amount the township will be required to pay if the highway is opened.

5. MANDAMUS—*To Compel Commissioners of Highways to Act.*—Mandamus is the proper proceeding to compel the commissioners of highways to levy the necessary taxes for the payment of damages assessed in laying out a public highway.

**Mandamus.**—Appeal from the Circuit Court of Stark County; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

B. F. THOMPSON, attorney for appellants.

VICTOR G. FULLER and ALLEN P. MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

The relator, William A. Jackson, filed his petition for a writ of mandamus directed to appellants, requiring them to levy the necessary taxes for the payment of damages assessed in laying out a public highway, and to open and

work said highway for public travel. Appellants demurred to the petition, and upon their demurrer being overruled, filed their answer admitting all the facts averred in the petition and denying nothing but conclusions of law. They further set up in their answer that the indebtedness of the town of Goshen exceeded five per cent of the assessed valuation of its taxable property, and claimed that for that reason they were prohibited from making any levy to pay the damages.

There was no plea to the answer, so that no issue of fact was made by the pleadings; but the parties stipulated that the averments of fact in the petition and answer were true, and that the cause should be determined without further pleadings upon questions of the sufficiency of the demand made upon appellants before the commencement of the suit, the jurisdiction of the police magistrate before whom the damages were assessed, the legality of the final meeting of the supervisors on appeal, which was held outside the town, and whether a tax could be legally levied to pay damages while the town was indebted to the constitutional limit. The cause was heard upon that agreement, and the court found against appellants and awarded a writ.

A written demand was served upon the defendants before the commencement of the suit, but its sufficiency need not be considered, since no demand was necessary. The object of the suit was to coerce the defendants to the performance of a duty owing to the public at large, for whose use the road was laid out, and in such case a demand is not required. People ex rel. v. Board of Education, 127 Ill. 634; People ex rel. v. Williams, 145 Ill. 573.

The proceedings to assess damages were had before a police magistrate, and it is claimed that he had no jurisdiction in the premises. The statute confers jurisdiction in such cases upon justices of the peace, and by the constitution and statute police magistrates are invested with the same jurisdiction as justices of the peace. There was no want of power in the police magistrate affecting the validity of the proceedings. Brown v. Jerome, 102 Ill. 371.

The defendants, commissioners of highways, refused to grant the prayer of the petition for laying out the road, and an appeal was taken to three supervisors. The magistrate in his summons fixed the place of hearing at the residence of Harriet Swartz, in the town near the line of the road. The supervisors met at that place, and after examining the route adjourned for convenience to the court house in Toulon, forty rods from the limits of the town of Goshen. The defendants appeared there and made no objection, and make none now as to that meeting, but they do object because, after the assessments of damages, the final meeting was held at the same place, outside of the town of Goshen. The road and bridge law of 1879 required the supervisors to fix a place in the town where the road was located, but that limitation was omitted in the present act, and the place was required to be fixed near the road. The law in force is silent on the point in contention.

The supervisors do not exercise their powers as officers of the town where the road is located, in which case an act must be done within the territorial limits of the town, but they act as supervisors of the county; and we are not prepared to say that the proceedings in this case were void because the final meeting was not held in the town.

The indebtedness of the town already exceeded five per cent of the assessed and equalized valuation of its taxable property, and if the assessment of damages created a debt against the town it would be void. We regard that proceeding, however, not as creating a debt, but as an ascertainment of the amount that the town will be required to pay if the road shall be opened. The amount so ascertained may be raised by taxation within the limits of the taxing power and applied to the purpose of procuring by such payment the public easement. If that were not so the town could not raise by taxation a dollar to pay for anything the cost of which was already settled or ascertained.

The time at which defendants were required by law to levy a tax to pay these damages, or so much as a tax would raise, had passed, and they had omitted to perform the

required duty. It is perhaps very exasperating to the feel ings of commissioners of highways, who are honestly endeavoring to represent the wants and interests of the people of their town, that three supervisors from other towns should overrule them, and decide to lay out a road which the commissioners and perhaps most of the taxpayers of the town believe that the public interest does not require, and thereby increase the burden of taxation by what they regard as a useless addition; but that power is given by the statute, and can not be rendered ineffectual by a refusal of the commissioners to yield and carry out the order. Petitioner showed a clear legal right to the writ, as it appears to us, and the judgment is affirmed.