(No. 16244.—Judgment affirmed.)

THE PEOPLE ex rel. Frank H. Hall, Appellant, vs.
LAWRENCE E. PEARSON, Appellee.

*Opinion filed December 16, 1924.*

1. STATUTES—*when title of act sufficiently states subject.* The title of an act, in order to comply with the constitutional requirement that the subject must be expressed in the title, need not be a synopsis of its provisions or an index to the contents of each section, but the title is intended to indicate the general subject of the legislation contained in the act, and whatever provisions may be regarded as tending to effect the purpose of the act are within the title.

2. SAME—*when one act repeals another by implication.* A repeal of an act by implication because of the enactment of subsequent legislation extends only to such provisions of the prior act as are so irreconcilably repugnant to the later act that both cannot be given effect.

3. CONSTITUTIONAL LAW—*section 24 of Revenue act of 1898, fixing term of office of assessor, is valid.* Section 24 of the Revenue act of 1898, providing that the terms of office of assessors shall begin on the first day of January following election to the office, is within the title of the act and is valid.

4. TAXES—*section 24 of Revenue act of 1898 is not entirely repealed by act of 1909.* The act of 1909 (Laws of 1909, p. 470,) changing the term of the assessor's office from one year to two does not repeal the provision of section 24 of the Revenue act of 1898 as to when the term of office shall begin.

5. SAME—*when assessor's failure to take oath in required time after election does not affect right to serve.* Failure of an assessor to take the oath of office within ten days after his election and to file the same in eight days thereafter, as provided in the Township Organization act, does not affect his right to serve as assessor, where he takes and files the required oath prior to entering upon the duties of his office, no action having been taken in the meantime to declare the office vacant and appoint another to the office. (*City of Chicago* v. *Gage,* 95 Ill. 593, explained and followed.)

APPEAL from the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

WILLIAM JOHNSON, State's Attorney, and J. E. GOEM-
BEL, for appellant.

LARGE & RENO, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The State's attorney of Winnebago county, on the rela-
tion of Frank H. Hall, by leave of court filed an informa-
tion in the nature of *quo warranto* against Lawrence E.
Pearson, charging him with the usurpation of the office of
assessor of the town of Rockford and calling upon him to
show by what warrant he claimed to hold and execute that
office.   The respondent filed a plea of justification, setting
forth his election to the office of assessor on April 4, 1922,
his qualification by filing the bond required by law, and his
entrance upon the duties of his office on January 1, 1923.
The plea also set forth the election of the respondent as
assessor on the first Tuesday of April, 1916, and on the
first Tuesday of April in 1918 and 1920, his entering upon
the duties of the office on the first day of January follow-
ing each of said elections and continuing in office until the
day of filing the plea.   A replication was filed, the cause
was heard by the court without a jury, the information was
dismissed by the court and judgment was rendered against
the relator for costs, from which he has appealed.

The relator was elected assessor at the annual town
meeting in April, 1924, was notified of his election on
April 12, and on April 15 filed with the town clerk his oath
of office and with the county clerk the bond required by
law.   He demanded of the respondent the books and papers
of the office, but the respondent refused to deliver them to
him and was proceeding to make the assessment in the town.

The essential point in the case is stated by the appellant
in his brief to be whether or not the term of office of the
assessor begins at the time of his election and qualification,

as required by the Township Organization act, or on the first day of January succeeding his election, in accordance with section 24 of the Revenue act of 1898. He claims that this section is unconstitutional. Before 1898 a township assessor was required by section 1 of article 7 of the Township Organization act to be elected in every town for a term of one year and until his successor was elected and qualified. The act of 1898 recognized the existence of the office of assessor in every township and made no provision for their election but by section 24 provided that their terms of office, which had previously begun immediately following their election and qualification, should begin on the first day of January following the election. This act was attacked immediately after its passage as being in violation of constitutional limitations, but in *People* v. *Commissioners of Cook County,* 176 Ill. 576, it was held not subject to any of the objections then advanced. It was again brought in question in *People* v. *Knopf,* 183 Ill. 410, and was held invulnerable to the objection that it was passed in disregard of section 13 of article 4 of the constitution, which provides that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended, shall be inserted at length in the new act." In this case the constitutional objection is made not to the whole act but only to section 24, and is also based upon section 13 of article 4 but not upon the same provision as in the *Knopf case.* The objection urged here is that the section of the statute violates the provision of the section of the constitution referred to, that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

The title of the Revenue act of 1898 is, "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named," and it is urged that there is nothing in this title to show that it was in any way intended to change the date of taking of office

of the assessor, whose election and qualification were provided for by the Township Organization act. It is not essential, in order to comply with the requirement mentioned, that the title of an act shall be a synopsis of its provisions or an index to the contents of each section. The title is intended to indicate the general subject of the legislation contained in the act, and whatever provisions may be regarded as tending to effect the purpose of the act are within the title. The act provided for a change in the method of assessment, in the duties of the assessor, in the time of making the assessment. All these things were clearly matters falling within the words of the title. The subject of the act,—the assessment of property and providing the means therefor,—naturally included the officers who should make the assessment, their selection and term of service and the time and manner in which they should make the assessment, and any provisions on these matters were germane to the purpose of the act and included within the title though the particular provisions were not mentioned in detail in the title. The provisions of section 24 were therefore a valid part of the act and effective to establish the beginning of the assessor's term of office on the first day of January following his election.

In 1909 a law was enacted changing the term of the assessor's office from one year to two. (Laws of 1909, p. 470.) It is claimed that this law repealed section 24 of the act of 1898. It did not expressly repeal that section, and a repeal by implication extends only to such provisions of the prior act as are so irreconcilably repugnant to the later act that both cannot be given effect. There is such a repugnancy between the provision of a two-year term in the act of 1909 and of a one-year term in that of 1898, and the latter is therefore repealed, but there is nothing in the act of 1909 inconsistent with the beginning of the term on January 1 after the election, and this provision is therefore not repealed.

By sections 2 and 3 of article 9 of the Township Organization act every person elected to the office of assessor is required, within ten days after he has been notified of his election or appointment, to take and subscribe the oath of office prescribed by the constitution and within eight days thereafter to file it in the office of the town clerk, and a neglect to comply with these provisions is deemed a refusal to serve. By section 1 of article 10 of the Township Organization act it is provided that when any person elected to any town office shall fail to qualify, it shall be lawful for the justices of the peace of the town, together with the supervisor and town clerk, to fill the vacancy by appointment for the unexpired term. The appellant insists the appellee has not shown that he took and filed his official oath within the time required by the statute, and that because of his failure to do so he has not shown a title *de jure,* as he must do to justify in a *quo warranto* proceeding. In support of this proposition the appellant cites *People* v. *Percells,* 3 Gilm. 59. In that case a statute required a justice of the peace, within twenty days after his election, to file a bond, and provided if he did not do so within such time that he should not be permitted after that time to qualify or take his office but the office should be considered vacant and filled accordingly, and it was held that immediately upon the expiration of the twenty days without the filing of the bond the office became vacant and could only be filled by an election; that the execution or filing of the bond afterward could not operate to invest title to the office which had become vacant. The appellee says that that case is not in point, because by its express terms not only was the office to be considered vacant and required to be filled, but it was provided that the person elected should not be permitted afterward to qualify or take the office. In *City of Chicago* v. *Gage,* 95 Ill. 593, a suit was brought on the treasurer's bond of the city of Chicago, and it was insisted that the failure to file the bond

within fifteen days after the official canvass of the election, in accordance with the provisions of the charter, vacated the office and terminated the liability on the bond. It was held that failure to file a bond in time did not of itself avoid the title to the office but merely rendered it defeasible, and that if the officer filed the bond afterward and it was accepted and approved, his title was thereby perfected. The case of *People* v. *Percells, supra,* was not mentioned, but the court, after a somewhat elaborate consideration of the question and after citing the decisions of other States, arrived at the conclusion that the particular time of filing the bond was directory and not mandatory, and that upon the execution and approval of the bond before any action taken to declare the office forfeited the officer's title became indefeasible. This decision was approved and followed in *Massey* v. *People,* 201 Ill. 409, and besides the cases cited in the opinion is supported by *Knox County* v. *Johnson,* 124 Ind. 145, *State* v. *Ruff,* 4 Wash. 234, *Speake* v. *United States,* 9 Cranch, 28, and other cases.

It was shown that after the election in 1922 the appellee on March 27, 1923, took and filed the oath required by section 4 of the Revenue act of 1898. This oath, though long after his election, was taken before he entered upon the duties of his office, and it contains the constitutional oath of office required by the Township Organization act. No action had been taken to declare the office vacant before the perfecting of the appellee's title by the taking and filing of this oath. Since his term of office will not expire until January 1, 1925, the judgment of the circuit court was right, and it will be affirmed.     *Judgment affirmed.*