(No. 34618.—

THE PEOPLE *ex rel.* Frank J. Romano, Appellant, *vs.* EDWARD G. KRANTZ, Appellee.

*Opinion filed April 21, 1958.*

JAMES C. MURRAY, of Chicago, for appellant.

JOHN F. TYRRELL, and RUDOLPH F. DESORT, both of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is a *quo warranto* action challenging the title of defendant, Edward G. Krantz, to the office of justice of the peace for Niles Township in Cook County. Krantz was one of five successful candidates for that office in the April, 1957, election. The complaint alleges that he was not eligible for election to the office because he had not resided in the township for at least a year at the time he was elected. The relator, Frank J. Romano, was an incumbent justice of the peace at the time of the election. He alleges that he is entitled to the office because he holds over in the absence of a duly qualified successor and also because he received the sixth highest number of votes at the election.

As required by the Quo Warranto Act, (Ill. Rev. Stat. 1957, chap. 112, par. 10,) the relator first requested the Attorney General and State's Attorney to commence the action, and when they refused he sought and obtained leave of court to file it on his own relation. Thereafter, on motion of the respondent, the trial court set aside its previous

order granting leave to file, and dismissed the complaint. The relator appeals.

The defendant contends that the relator does not have an interest sufficient to authorize him to maintain a *quo warranto* action. We do not agree. The statute provides that the action will lie in case any person unlawfully holds any office, and that when the Attorney General and State's Attorney refuse to bring the action "any citizen having an interest in the question" may bring it by leave of court. (Ill. Rev. Stat. 1957, chap. 112, pars. 9, 10.) *Quo warranto* is the appropriate remedy to determine the eligibility of a public officer, (*Wagler* v. *Stoecker*, 393 Ill. 560; *Edgcomb* v. *Wylie*, 248 Ill. 602; *Laimbeer* v. *People ex rel. Swineburn*, 48 Ill. 490,) and the interest of the rival claimant is sufficient to maintain the action on his own relation. See: *People ex rel. McCarthy* v. *Firek*, 5 Ill.2d 317, 324.

On the merits the relator contends that section 1 of article IX of the Township Organization Act establishes the residential qualifications of justices of the peace. That section provides: "No person shall be eligible to any town office unless he shall be a legal voter, and have been one year a resident of such town." (Ill. Rev. Stat. 1955, chap. 139, par. 83.) The defendant argues and the trial court held that the statute can not validly be applied to justices of the peace, primarily because their residential qualifications are governed by section 17 of article VI of the constitution. That section provides: "No person shall be eligible to the office of judge of the circuit court or any inferior court, * * * unless he shall be at least 25 years of age, and a citizen of the United States, nor unless he shall have resided in this state five years next preceding his election, and be a resident of the circuit, county, city, cities or incorporated town in which he shall be elected."

The relator urges that section 17 of article VI does not refer to justices of the peace. In support of that position

he points out that the language makes a clear distinction between "judges of courts" on the one hand, and "justices of the peace" on the other, and he cites many authorities, including *People ex rel. Burgess* v. *Wilson,* 15 Ill. 388. (See also, *People ex rel. Hoyne* v. *McCormick,* 261 Ill. 413.) The constitutional issue thus raised is sufficient to support the jurisdiction of this court upon direct appeal, but as we view the case it is not necessary to pass upon it. Cf. *City of Detroit* v. *Gould,* 12 Ill.2d 297; *Lindburg* v. *Zoning Board of Appeals,* 8 Ill.2d 254.

In our opinion section 1 of article IX of the Township Organization Act does not apply to justices of the peace. Article IX of the act deals with "Qualification and Tenure of Office." It provides for the oath of office to be taken and filed by persons elected to the offices of township supervisor, clerk, assessor, commissioner of highways and collector, and for the consequences of failure to file the oath and of entering upon the duties of the office without having taken the oath. It provides also that if any person elected to one of the foregoing offices refuses to serve he shall forfeit $25 to the town. It requires the filing of a bond by the collector and provides for the delivery of official records to successors in office. The term of office of town officers is fixed at one year "except as otherwise provided." (Ill. Rev. Stat. 1955, chap. 139, pars. 83-95.) The only mention of justices of the peace in all of article IX is in section 2, and there it is provided that persons elected to the office of supervisor, town clerk, assessor, commissioner of highways or collector shall take the oath of office "before some justice of the peace or town clerk." Ill. Rev. Stat. 1955, chap. 139, par. 84.

Article VII of the act deals with the election of town officers. It provides for the election of township supervisors, additional supervisors, clerks, assessors, collectors and members of the board of town auditors. It governs the mechanics of the election and the organization of the town

meeting. (Ill. Rev. Stat. 1955, chap. 139, pars. 60-72.) It does not mention justices of the peace.

The provisions for the election and terms of justices of the peace are contained in the Justices and Constables Act. (Ill. Rev. Stat. 1955, chap. 79, pars. 1-15.) That act fixes the time for electing justices of the peace, governs their qualification by oath and bond and states the consequences of a failure to qualify. Section 1 of article I of that act provides that justices of the peace in counties under township organization shall be elected by the voters of townships at the April election for town officers. It also provides, however, that in counties not under township organization justices of the peace shall be elected by the voters of election precincts at a November election.

It is true that very early versions of the Township Organization Act unmistakably referred to justices of the peace as township officers, (Laws of 1851, p. 40, 43; Laws of 1861, p. 225, 228,) and that later versions at least slanted in that direction. (Rev. Stat. 1874, chap. 139, par. 61; Smith-Hurd Stat. 1927, chap. 139, par. 60.) But for almost thirty years the statutory scheme has remained as described above. (Ill. Rev. Stat. 1929, chap. 139, par. 60.) It is also true that justices of the peace serve as members of the board of town auditors and perform other functions related to township government in counties under township organization so that there is a sense in which they may appropriately be described as township officers.

We are concerned, however, with a particular legislative provision that lays down a residential qualification as a requisite for eligibility to hold township office. In determining whether that qualification is applicable here, the most significant consideration is the fact that the relevant portions of the Township Organization Act repeatedly refer to other specific officers, but contain only a single, incidental reference to justices of the peace. The General Assembly seems to have been at pains to remove justices of

the peace from the category of town officers dealt with in the Township Organization Act. To hold that the provision upon which the relator relies is applicable to justices of the peace it would be necessary to say that the General Assembly intended to fix different conditions of eligibility for justices of the peace depending on whether or not the county within which they exercise jurisdiction is under township organization. Such a construction would also present constitutional problems. We hold, therefore, that section 1 of article IX of the Township Organization Act does not apply to justices of the peace.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*