(No. 35196.—

THE PEOPLE OF THE STATE OF ILLINOIS, ·Appellee, ·*vs.* HERBERT ZAHN, Appellant.

*Opinion filed September 24, 1959.*

272

HERBERT ZAHN, *pro se*, appellant.

JACK E. BOWERS, State's Attorney, of Wheaton, (ED-WARD J. VERTOVEC, of counsel,) for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

The State's Attorney of DuPage County filed a *quo warranto* suit against the defendant, Herbert Zahn, challenging his right to the office of police magistrate of the village of Lombard. The appeal from a judgment of ouster is directed to this court since a franchise is involved.

The complaint was in general terms and did not set forth the basis of the challenge. The answer was a plea of justification wherein it was asserted that the defendant was duly elected to the office of police magistrate on April 16, 1957; that on May 6, 1957, he took the oath of office with elected officials of the village in an open meeting of the board of trustees and received a certificate of election to the office; and that on June 8, 1957, the board of trustees approved his bond. There were no further pleadings filed nor evidence taken.

The stated ground for the judgment of ouster was that the defendant had failed to file his bond with the village clerk and the county clerk within the period prescribed by the statute. The People contend that a police magistrate

must qualify in exactly the same manner as does a justice of the peace under sections 8, 9 and 10 of the Justices and Constables Act. (Ill. Rev. Stat. 1957, chap. 79, pars. 8, 9 and 10.) Section 8 provides that every justice of the peace and constable shall file a constitutional oath of office with the county clerk, section 9 prescribes the filing of their bond with the same officer within 20 days after their election and section 10 provides that upon failure to so take oath and give bond they shall not be permitted to thereafter qualify and the office shall be declared vacant.

While none of the foregoing sections mentions police magistrates, section 9—73 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 9—73,) provides in part: "He [a police magistrate] shall be commissioned, give bond, qualify, and have the same jurisdiction as justices of the peace." The Revised Cities and Villages Act is otherwise silent as to how a person elected police magistrate must qualify.

We have not heretofore been asked to pass upon the precise question of whether justices of the peace and police magistrates shall qualify in the same manner. They are both constitutional officers under section 1 article VI of the constitution. Section 21 of article VI provides for uniform jurisdiction in the following language: "Justices of the peace, police magistrates, and constables shall be elected in and for such districts as are, or may be, provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform." This court has recognized that they are in the same category, (*People ex rel. Stickney* v. *Palmer,* 64 Ill. 41,) and that they are of the same grade and have the same jurisdiction. (*People ex rel. Wellman* v. *Washburn,* 410 Ill. 322.) The only practical difference is that they are elected within different territorial limits.

Defendant admits that the above quoted portion of section 9—73 of the Revised Cities and Villages Act defines the jurisdiction of the two offices as identical, and admits

that a police magistrate must be commissioned, give bond and qualify thereunder, but asserts that it does not mean that the bonding and qualification be in the same manner as a justice of the peace. He then argues that the police magistrate is a village officer and should qualify under sections 9—88 and 9—89 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1957, chap. 24, pars. 9—88 and 9—89.) These sections provide for commission by warrant of all other than certain specified officers and the taking of the oath and giving bond before entering upon their duties, both the oath and bond to be filed with the municipal clerk.

If this view be adopted, a constitutional problem arises at the outset. Section 29 of article VI of the Illinois constitution provides that all judicial officers (which includes justices of the peace and police magistrates) shall be commissioned by the Governor, while section 9—88 of the Revised Cities and Villages Act provides for commissioning by the corporate officers. Thus, even though we were to say that qualification be made to the municipality, the provision for issuing a commission under the statute would be void. Furthermore, there is no statutory duty for the municipal clerk to transmit a certificate of the execution and filing of the bond to the Governor as provided in section 11 of the Justices and Constables Act.

A somewhat similar situation was presented in *People ex rel. Romano* v. *Krantz*, 13 Ill.2d 363, where it was argued that the qualification and tenure of justices of the peace were fixed under the Township Organization Act rather than the Justices and Constables Act. It was there held that even though justices of the peace have some attributes of township officers, their qualifications are not determined under the same statute as other township officers. We think that case is analogous.

It is suggested that since police magistrates are elected by cities or villages, their oath and bond should be filed with the municipal clerk rather than the county clerk. This

argument loses its force when concededly a justice of the peace is elected by the electors of a township (under township organization) but he qualifies by filing his oath and bond in the office of the county clerk rather than the township clerk.

We are of the opinion that section 9—73 of the Revised Cities and Villages Act is unambiguous and applies with like force to both police magistrates and justices of the peace. Each must give bond, qualify and be commissioned in the same manner.

Lastly, it is argued that section 10 of the Justices and Constables Act is directory, not mandatory. The first reported case in Illinois, *People ex rel. Burgess* v. *Percells,* 3 Gilm. 59, also concerned a justice of the peace who filed an incomplete bond. It was there held that the office was *ipso facto* vacant. Without referring to the *Percells case,* the court wrote an exhaustive opinion in *City of Chicago* v. *Gage,* 95 Ill. 593, and held that the filing by a city treasurer of an official bond a few days after the period provided by statute had elapsed did not operate to vacate the office. The late filing was said to be ground for forfeiture but not forfeiture of itself, and the time limit for filing was held to be directory and not mandatory. Language was quoted, with approval from *Sprawl* v. *Lawrence,* 33 Ala. 674, to the effect that a late filing "before any steps or proceeding on the part of the state to effect his amotion" was a sufficient qualification for the office. The *Gage case* was cited with approval in *Cawley* v. *People,* 95 Ill. 249, which involved a county treasurer. The time provision was held to be directory, and it was stated that the county authority had power, in its discretion, to declare a vacancy or to waive the late filing. To the same effect was *Massey* v. *People ex rel. Westcott,* 201 Ill. 409. See also 158 A.L.R. 639.

*People ex rel. Hall* v. *Pearson,* 314 Ill. 392, was a *quo warranto* action against a town assessor based upon his failure to take an oath of office until long after his election.

The *Gage case* was therein interpreted as holding: "* * * that upon the execution and approval of the bond before any action taken to declare the office forfeited the officer's title became indefeasible." It was there held that since no action had been taken to declare the office vacant before the taking and filing of his oath, the respondent had perfected his title to the office.

It is noted that while the statutory provisions under consideration in the cases herein reviewed were materially different, they were construed as directory rather than mandatory in each instance except in *People ex rel. Burgess* v. *Percells.* We conclude that, in the absence of an express declaration of forfeiture *ipso facto,* it is now settled law in this State that the statutory time limitation for the qualification of officers is directory and not mandatory. Failure to qualify within the time prescribed by statute makes title to an office defeasible at the option of the proper authorities, and does not operate as a forfeiture *per se,* provided that the officer designate qualifies before any action is taken to declare the office forfeited.

Applying the foregoing doctrine to the case before us, we are of the opinion that there has been a forfeiture. We have held that the defendant must qualify by filing an oath and bond with the county clerk. So far as the record shows that has never been done. He was obligated to justify in his answer to the general *quo warranto* complaint. His plea is that he filed his oath and bond with the village clerk, but he failed to allege and prove that he filed with the proper authority prior to this action to test his qualification to the office.

For the reasons given, the judgment of ouster of the circuit court of DuPage County is affirmed.

*Judgment affirmed.*