(No. 37518.— )

THE PEOPLE *ex rel:* HOWARD M. DONER, Mayor of the City of South Beloit, Appellee, *vs.* NEAL DIMMICK, Appellant.

*Opinion filed March 22, 1963.*

Downey, Layng, Anderson & Martenson, of Rockford, (David L. Martenson, of counsel,) for appellant.

William R. Nash, State's Attorney, of Rockford, (William H. Gates, Assistant State's Attorney, of counsel,) for appellee.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

This case is here on appeal from a judgment of the circuit court of Winnebago County in a *quo warranto* proceeding which ousted the appellant from the office of police magistrate. The appeal involves a construction of section 17 of article VI, of the Illinois constitution and we, therefore, have jurisdiction on direct appeal.

The section in question provides as follows: "Sec. 17. Eligibility of judges of inferior courts. No person shall be eligible to the office of judge of the circuit or any inferior court, , * * * unless he shall have resided in this state five years next preceeding his election, and be a resident of the circuit, county, city, cities or incorporated town in which he shall be elected."

It is undisputed that the appellant had not resided in the State of Illinois for five years preceding his election. The sole question which we must resolve is whether a police magistrate is a judge within the meaning of section 17. If so, appellant is ineligible to hold his office, since he does not meet the constitutional residence requirement. On the other hand, if a police magistrate is not a judge within the mean-

ing of the constitutional provision, appellant is entitled to hold his office, since he is otherwise qualified.

This question has never been squarely decided. It was raised in *People ex rel. Romano* v. *Krantz,* 13 Ill.2d 363, but that case was decided on other grounds. However, in *People ex rel. Burgess* v. *Wilson,* 15 Ill. 388, arising under the constitution of 1848, a similar question was presented. The constitution then provided (art. V, sec. 11) "No person shall be eligible to the office of judge of any court of this state * * * who shall not have resided in this state five years next preceeding his election, and who shall not for two years next preceding his election have resided in the division, circuit or county in which he shall be elected; * * *." The question before the court was whether this section applied to a judge of the recorder's court of the city of Chicago. We held that, even though it was clear that the office in question was that of a judge, the section was inapplicable. We pointed out that the section provided, not only for five years residence in the State, but for two years residence in the division, circuit or county in which the judge was elected, and held that since the recorder was elected in the city of Chicago rather than in a division, circuit or county, the section was inapplicable to the office of judge of the recorder's court. In arriving at this conclusion this court considered, as an analogous situation, the constitutional provisions with respect to justices of the peace. It was noted that the constitution provided that the judicial power of the State was vested in certain courts, including justices of the peace, and that justices of the peace were therefore judges. The court noted, however, that they were called "justices of the peace" and thus distinguished from those called "judges" in section 11 and pointed out that the fact that they were called by another name was evidence that the framers of the constitution did not intend to include justices of the peace in their term "judges" as used in the 11th section. Finally, it was observed that the con-

stitution had been uniformly construed throughout the State so as to exclude justices of the peace from the operation of section 11.

When the constitution of 1870 was adopted, it again provided that the judicial power of the State was vested in certain named courts, including justices of the peace. (Const. of 1870, art. VI, sec. 1.) Section 17 of article VI, quoted heretofore, set forth the age and residence qualifications of judges in language substantially similar to section 11 of article V of the 1848 constitution. The only significant difference between the two sections is that the 1848 constitution referred to the office of "judge of any court of this state" and the 1870 constitution referred to the office of "judge of the circuit or any inferior court." If anything, the language of the 1848 constitution was broader and more inclusive, and yet it was held in the *Burgess* case that this language did not apply to the office of recorder and pointed out that the language had always been held inapplicable to justices of the peace. This construction of the 1848 constitution was presumably known to the framers of the 1870 constitution and the fact that justices of the peace were not specifically included in section 17 of article VI of the 1870 constitution affords strong evidence that they were not intended to be included therein. *People ex rel. Sadler* v. *Olson,* 245 Ill. 288, 295; *People ex rel. Cromer* v. *Village of Maywood,* 381 Ill. 337, 342.

In addition to the persuasive effect of the *Burgess* case, as it relates to the intent of the framers of the 1870 consituation, we are satisfied that the reasoning in that case was sound, and is applicable here. Section 17 of article VI of the 1870 constitution refers to residence in "the circuit, county, city, cities or incorporated town in which he [the judge] shall be elected." Section 21 of article VI provides that justices of the peace, police magistrates and constables shall be elected "in and for such *districts* as are, or may be,

provided by law." (Emphasis supplied.) The failure to include the term "district" in section 17 indicates an intent that justices of the peace were not included therein, just as the failure to include "cities" in the 1848 constitution was held to indicate an intent to exclude a judge elected in a city.

While we have referred in this opinion primarily to authorities dealing with justices of the peace, the same authorities are applicable to police magistrates. The adoption of the constitution of 1870 placed police magistrates in the same grade with justices of the peace. (*Brown* v. *Jerome,* 102 Ill. 371.) We, therefore, conclude that police magistrates, like justices of the peace, are not "judges" within the meaning of section 17 of article VI. The appellant was entitled to hold his office and the trial court erred in entering the judgment of ouster. The judgment of the circuit court of Winnebago County is therefore reversed.

*Judgment reversed.*