David McComb, Appellee, vs. Esther McComb, Appellant.

*Opinion filed October 26, 1909.*

1. Divorce—*wife granted a divorce for desertion cannot complain that it was not granted for cruelty.* A wife who has been granted a divorce upon the ground of desertion has no substantial ground to complain, on appeal, that the trial court erred in not decreeing that she was entitled to a divorce for extreme and repeated cruelty, even though there is evidence in the record tending to sustain such charge.

2. Deeds—*party claiming deed was conditional has burden of proof.* One claiming that a deed in the usual form of warranty deed, without restrictions or reservations except the clause relating to payment of taxes, was conditional and that it was not to take effect or be recorded until his death, has the burden of proving such contention.

3. Same—*what tends to show that a deed was unconditional.* The facts that a deed joined in by husband and wife, conveying property to the wife, contained a clause providing that the latter should pay taxes for the current year, and that the husband subsequently made repeated offers to the wife to trade property in which he had unquestioned title that conveyed by such deed, tend to show that the deed was unconditional rather than that it was to be of no effect unless the husband failed to recover from the illness he was suffering from when the deed was made.

4. Same—*fact that party is dissatisfied with his act in deeding property is not ground for setting deed aside.* The fact that one who has executed a deed voluntarily for what he then regarded as sufficient consideration, and without fraud or coercion on the part of the grantee, subsequently decides that the transaction was inequitable is not ground for setting aside the deed in equity.

5. Same—*when court will hold a deed to have been delivered.* A court of equity will hold that a deed was delivered where the acts of the grantor and all the attending circumstances are such as to show that the deed was made by him to his wife in the nature of a voluntary settlement in view of their probable separation, and that he intended to relinquish all control over the deed.

Appeal transferred from the Branch Appellate Court for the First District;—heard in the Superior Court of Cook county; the Hon. Willard M. McEwen, Judge, presiding.

On November 10, 1906, appellee, David McComb, filed a bill for divorce against appellant, Esther McComb, in the superior court of Cook county. It is alleged in the bill that appellant and appellee were married in Chicago on the 19th of December, 1892, and lived together as man and wife from the time of their marriage until the 6th day of June, 1904, when appellant willfully and without cause deserted appellee and refused to return and live with him, without any fault on his part, and that there were no children born of said marriage. It is further alleged that at the time of the marriage appellee was the owner of lot 3 and the south 30 feet of lot 2, in block 37, in the subdivision known as Rogers Park; also the north 76.4 feet of lot 2, in block 10, in John Johnson, Jr's., addition to Austin, all in Cook county, Illinois; that on the 30th day of August, 1902, appellee, being in ill-health and fearing that he might not survive the illness with which he was then afflicted, executed and delivered in trust to appellant a warranty deed conveying to her the premises above described, upon the express condition agreed to by both parties that the deed was not to be recorded or used by appellant and that the property was not to be hers in fact unless appellee should not survive the illness from which he was then suffering, and in the event that he recovered, the deed was to be returned to him and canceled. It is further alleged that appellee departed from Chicago for the west on the first of October, 1902, and on the day following, appellant caused said deed to be recorded without the knowledge or consent of appellee and in disregard of the agreement and in violation of the trust upon which the same was executed and delivered. The bill prays for a divorce and that appellant be compelled to convey to appellee the property heretofore described.

On the 24th of December, 1906, appellant filed her answer, admitting the marriage as alleged in the bill but denying that she and appellee had lived together until June 6,

1904, and alleging that the separation took place on the 13th of October, 1902. The answer charges desertion for a period of two years, drunkenness and cruelty on the part of appellee, and sets out in detail several acts of violence which it is alleged he committed and threats which he made to take the life of appellant. It is alleged in the answer that appellee is a strong, able-bodied man and is in receipt of a weekly income of $16.80; that he was the owner of the south 125 feet of lot 1, in block 3, in John Johnson, Jr's., addition to Chicago, worth $2500; that he had $700 in bank, and that he was well able to support appellant but had failed and refused to do so. It is denied that appellant deserted appellee, as alleged in the bill, and it is charged that while appellant and appellee were living together as husband and wife in the property owned by appellant at the time of her marriage and where she still resides, appellee, on October 13, 1902, deserted her without cause, stating at the time that he was going away never to return and refusing to inform her of his destination. The answer admits the execution and delivery of the deed conveying the aforesaid property to appellant but denies that appellee was in ill-health at the time and that it was made upon any agreement or trust as alleged in the bill, and alleges that the deed was executed and delivered unconditionally, appellee saying at the time that he was going away; that he had not treated appellant right; that this property so deeded would partly pay her for the time she had lost and money she had advanced on his account, and that he would keep the other property which he owned, and the bank account, for himself. It is charged that at the time of his marriage appellee was not the owner of the above described property, as alleged in the bill, but that it was then only partly paid for and encumbered by a mortgage; that since her marriage appellant had contributed from her private funds toward the purchase price of the said property the sum of at least $1000. The recording of the deed is admitted, but it is de-

nied that it was done contrary to any agreement and without the knowledge of appellee, and it is admitted that the appellant refuses to re-convey said property to appellee and claims that it is her own.

Replication was filed to this answer, and on January 7, 1907, appellant filed her cross-bill, in which substantially the same allegations are made as to the property as set forth in her answer, and charging appellee with desertion, cruelty and non-support and praying for a divorce and alimony. Appellee answered the cross-bill, admitting the marriage and denying its other material allegations.

After replication was filed the cause was submitted to the chancellor, and on a hearing a decree was entered dismissing the original bill, finding that the charge of desertion as alleged in the cross-bill had been sustained by the evidence and granting a divorce to the appellant on that ground. The decree further found that at the time of the marriage appellant was seized of certain property in her own right, and it was adjudged and decreed that she should hold the same free and clear from any dower or other title or interest therein of appellee. As to the property conveyed to appellant by the warranty deed of appellee, it was decreed that she retain the north 76.4 feet of lot 2, block 10, in John Johnson, Jr's., addition to Austin as her separate property, in lieu of alimony, free and clear of dower or other interest of appellee, and that she re-convey to appellee lot 3 and the south 30 feet of lot 2, block 37, of Rogers Park, the same to be the separate property of appellee, and that he hold this property, and the other real estate he owned, free and clear of dower or other interest therein of appellant. From that decree appellant prosecuted an appeal to the Appellate Court. That court affirmed the decree in part and reversed it in part. From the judgment of the Appellate Court appellee appealed to this court. Being of opinion a freehold was involved, this court reversed the judgment of the Appellate Court and remanded the case to

that court with directions to transfer the cause to this court, (*McComb* v. *McComb,* 238 Ill. 555,) which has accordingly been done, and the case stands here as an original appeal from the superior court.

Francis E. Croarkin, for appellant.

James B. Devitt, and Robert W. Dunn, for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

Appellant contends the court erred in decreeing that she convey to appellee the Rogers Park property; also in not decreeing that she was entitled to a divorce on the ground of extreme and repeated cruelty. Appellee insists on an affirmance of the decree as being equitable and just under the evidence which the chancellor heard. He does not question the correctness of the decree in awarding appellant a divorce on the ground of desertion.

While there is evidence in the record tending to support the allegations of the cross-bill as to extreme and repeated cruelty, inasmuch as appellant was granted a decree for divorce on account of the fault of appellee she has no substantial ground of complaint, even if the divorce might have been granted for other causes also. This leaves as the only matter in controversy to be decided the disposition to be made of the Rogers Park property.

It appears from the evidence that at the time of the marriage of appellant and appellee he was the owner of this property and the seventy-six feet in Austin, upon all of which there was a lien for a part of the purchase price. Appellant at that time was also possessed of some real and personal property in her own right. The parties lived together, during the larger portion of their married life, in a cottage owned by appellant. She had kept boarders prior to her marriage and continued to do so a part of the time

afterward, and by this means and the use of her own property and funds she contributed substantially to the support of herself and husband, and it is clear from the evidence that at least a part of her private means was used in removing the encumbrance from appellee's property. The parties were married late in life, neither having been married before. They were not congenial, disagreed and quarreled a great deal, and as a natural result their married life was a failure. Acts of violence and manifestations of jealous rage on the part of appellee, usually caused by partial intoxication, are testified to by appellant, and she is corroborated, in part, by other witnesses. It appears that following these occasions he would deeply regret his conduct, apologize and promise that it would not occur again. On the 30th of August, 1902, both parties went together to the office of an attorney in Chicago and there jointly executed and acknowledged a warranty deed in which appellant was named as grantee, conveying to her the property in Austin and Rogers Park. Appellee insists here, and testified in the court below, that this deed was to be recorded and become effective only in case of his death, and if he recovered from the illness from which he was then suffering, the deed was to be returned to him and considered void. Appellant insists, and testified, the deed was an unconditional conveyance of the property to her, made in consideration of money advanced by her and of her time and labor which he had the benefit of.

To establish his contention that the deed was conditional the burden of proof rests upon appellee, as the deed, as executed, is in the usual form of warranty deed, containing no conditions or reservations except the clause, "subject to all taxes subsequent to those levied for the year 1901." After a careful examination of the evidence it is our opinion that appellee has not only failed to establish his contention by the burden of proof but that the weight of the evidence is against him. We are forced to the con-

clusion that this deed was executed and delivered by appellee in contemplation of a permanent separation from the appellant and as a settlement upon her or as a division of property between them, and with the idea that one of them would eventually secure a divorce. This is evidenced by his desertion of appellant a short time after the deed was made and from several letters introduced in evidence written by appellee to appellant while he was in California and Arizona. In none of these letters is any mention made of the conditions upon which he claims he deeded the property to her. In them he makes several propositions to her to trade certain property which he owned for a part of that he had conveyed to her, and from reading this correspondence no one could form the conclusion that at that time he claimed any interest whatever in the property which he sought to have her convey to him in exchange for that which he offered to convey to her. If his deed had been made upon the condition that he claims, namely, that it was only to become effective in case of his death, it is impossible to believe, from reading these letters, written several months after the deed was executed, when his health was apparently in such condition that he had no apprehension of death in the near future, that he would make repeated efforts to dispose of valuable property to which his title was unquestioned, in exchange for only a part of the land he had deeded to his wife, and which, according to his insistence, was already his own. Also the clause inserted in the deed that the grantee should pay the taxes levied subsequent to the year 1901 is repugnant to any idea but that the grantor had parted with all interest in and control over the property. This deed was executed voluntarily by appellee upon what he then regarded as sufficient consideration, without fraud or coercion on the part of appellant. He was satisfied with the settlement at the time, and because he later decided that it was inequitable and to his disadvantage is no reason why a court of equity should re-

lieve him from the consequence of his act. "Where the conduct of the grantor and all the circumstances are such as to indicate that the grantor intended to give effect and operation to the deed and to relinquish all power and control of it, the law will give effect to the deed accordingly and will hold that there has been a delivery of the same." *Shields* v. *Bush,* 189 Ill. 534, and cases there cited.

The decree of the superior court is affirmed in all respects except that part of it which finds appellee to be the owner of the Rogers Park property and directing a conveyance thereof to him by appellant, and to that extent the decree is reversed and the cause remanded to the superior court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*