(No. 20301.—

PATRA ARLISKAS, Appellant, *vs.* FRANK ARLISKAS, Appellee.

*Opinion filed February 18, 1931.*

PATRICK J. ALLMAN, for appellant.

JOHN P. BARNES, and NELSON & FLORENCE, (CLARENCE N. BOORD, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Patra Arliskas, appellant, filed her bill for separate maintenance in the circuit court of Cook county April 26, 1929, principally alleging that she married appellee, Frank Arliskas, January 15, 1920; that they lived together as husband and wife until April 9, 1929, when he left her without cause; that he is the owner of a motor sales company located in Chicago; that in March, 1920, two months after their marriage, she went to work in the business keeping books and other records; that she continued to work until April, 1929; that from the proceeds of the business they purchased in joint tenancy property located at 512 West 103d street and other property at 11001 Wentworth avenue; that appellee's annual income from the business was $36,000; that appellant had no income of her own, and asked that suitable provision be made for her support and maintenance and an injunction issue to restrain appellee from disposing of the property and for general relief. Ap-

pellee filed an answer to her bill for separate maintenance and a cross-bill for divorce, both charging his wife with adultery. By his answer he denied that his annual income from the business was $36,000 but admitted it to be about $25,000; admitted his wife had worked with him in the business for nine years; admitted that the 103d street and Wentworth avenue properties were purchased with business profits and that title was held in joint tenancy with his wife. His wife answered the cross-bill, admitting her adultery on a trip to California from January 15 to February 26, 1929, but claimed that she had confessed her misdeeds to her husband upon her return, that he had forgiven her and that they had lived and cohabited together as husband and wife from then until April 9, 1929. Certain amendments were made to the answer and cross-bill, and after hearing the evidence the court dismissed appellant's bill for separate maintenance for want of equity and granted a divorce to the husband on the cross-bill. In the divorce decree the court ordered that on account of the wife's adultery the legal and equitable title of the wife to real estate held in joint tenancy be vested in the husband; directed her to execute and deliver a deed conveying such real estate to him within twenty days, or in default the same should be made by the master in chancery; decreed a forfeiture of all her dower rights in his property and vested her with title to all their household goods, conditioned upon her conveyance of the real estate to her husband as directed. From this decree the present appeal was taken.

The evidence in this case is voluminous and no good purpose can be served by an extensive discussion of the sordid details. The decree finds that appellant committed adultery with Lawrence Gaffney on a trip to California in January and February, 1929, and prior thereto in 1928, and is based upon her own admissions. The defense is condonation, and the court found that her misconduct was not, in fact, condoned by her husband. The sole question

presented in this regard is whether this finding of the chancellor is supported by the evidence. We have carefully reviewed the record and find that upon the question of condonation there is a direct conflict, practically all of the testimony being that of the parties to the suit. The law is well settled that where the evidence is conflicting the finding of the chancellor will not be disturbed unless it is clearly against the preponderance of the evidence. The chancellor saw the witnesses and heard them testify and was in much better position to determine their credibility than we are. A court of review will not disturb the findings of fact of the chancellor under such circumstances unless it is apparent that error has been committed. (*Heyman* v. *Heyman,* 210 Ill. 524; *Zimmerman* v. *Zimmerman,* 242 id. 552; *Lewis* v. *Lewis,* 316 id. 447.) The finding of the chancellor that appellee had not condoned his wife's adultery, with its resulting decree of divorce, will therefore not be reversed.

The court below erred in that part of its decree which divested appellant of her title, as joint tenant with appellee, in the two pieces of real estate located on 103d street and on Wentworth avenue. The proof shows that appellant worked about nine hours a day as book-keeper and office manager of the motor sales business from March, 1920, two months after she and appellee were married, until April, 1929, when they separated; that she received no pay for her labor; that this property had been purchased out of the proceeds of the business and that it was deeded to appellant and appellee as joint tenants. There is no proof that appellant obtained a joint interest in this real estate by any fraudulent means or false promises or that she had any misconduct in contemplation at the time. Except as to his creditors a husband may, if he sees fit, convey all or any part of his property to his wife at any time, and if the transaction is free from fraud or duress she may hold the same as against the husband and his heirs. (*Hursen* v.

*Hursen,* 212 Ill. 377.) Property owned by a husband and deeded voluntarily to his wife upon what he then regarded as sufficient consideration, without fraud or coercion, is the wife's separate property. (*McComb* v. *McComb,* 241 Ill. 453.) That the husband furnished the money to purchase the property makes no difference. *Indianapolis, Bloomington and Western Railway Co.* v. *McLaughlin,* 77 Ill. 275.

In *Fischer* v. *Fischer,* 245 Ill. 426, the husband filed a bill for divorce and cancellation of a deed he had given his wife. They had continual trouble, but she finally induced him to convey all he had to her. She later committed adultery. Evidence showed she intended committing adultery at the time she got the deed. The court there said: "It is true that a husband may make a voluntary settlement upon his wife of all or any part of his property, and if done freely and without any fraud the transaction will be sustained as against the husband or his representatives. If the transaction is fair and honest and made in good faith, subsequent acts of misconduct of the wife not in contemplation at the time of the conveyance would probably not warrant a court of equity in decreeing a cancellation of the conveyance." This same language was quoted with approval in *Coonce* v. *Coonce,* 296 Ill. 585.

In *Kinzey* v. *Kinzey,* 115 Mo. 496, the husband bought property and put it in his wife's name. Later he got a divorce for adultery. The court said: "By the statute law of this State a married woman who commits adultery forfeits dower in the property of her husband, (Rev. Stat. 1889, sec. 4508,) affords a good cause of action to him for a divorce from the bonds of matrimony, and if found guilty forfeits all rights and claims under and by virtue of the marriage. While the title of Mrs. Kinzey and her children to the property in question was acquired during the marriage and indirectly from her husband and she was found guilty of adultery in the divorce suit, yet these facts did not operate a forfeiture for the simple reason that those

rights were vested rights, acquired by grant and not under and by virtue of the marriage."

Illinois has a statute (Cahill's Stat. 1929, chap. 41, sec. 14) which forfeits dower in the property of the husband where a divorce is granted for the wife's fault, and this is the only penalty that is provided. The interest of appellant which the court forfeited was not a dower interest but a vested right acquired by grant to appellant and appellee jointly and no question of fraud or deceit is presented by the record. The decree therefore improperly divested appellant of her vested right as joint tenant in the real estate on 103d street and on Wentworth avenue.

We have not failed to note the other errors assigned by appellant but as to those matters find no reversible error.

The decree is therefore sustained in part and reversed in part and the cause is remanded to the circuit court, with directions to amend its decree in a manner consistent with this opinion.

*Reversed in part and remanded, with directions.*