## Silas Durbin, Appellant, v. Eliza Durbin and Eliza Durbin, Executrix of Last Will and Testament of George H. Durbin, Deceased, Appellees.

Heard in this court at the
May term, 1942.                    Opinion filed June 27, 1942.

ROBERT G. BURNSIDE and J. RICHARD ROYAL, both of Vandalia, for appellant.

WILL P. WELKER, of Vandalia, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is a suit to set aside the last will and testament of George H. Durbin, deceased, which suit was filed in the circuit court of Fayette county, by Silas Durbin, plaintiff appellant, son of George H. Durbin, and against Eliza Durbin, and Eliza Durbin, executrix of the last will and testament of George H. Durbin, deceased. Plaintiff appellant will hereinafter be referred to as plaintiff and defendants appellees will hereinafter be referred to as defendants.

The evidence discloses that George H. Durbin and Eliza Durbin, his wife, were, on the 2nd day of September, 1908, each the owner of certain lands in Fayette county, Illinois. On that date they executed separate wills that were identical in words and form, except for the name of the devisee, and were attested by the same persons as subscribing witnesses, both of whom were dead at the time of the trial. By the terms of said wills, each devised all the real and personal property of which each might die possessed, to the other party.

George H. Durbin died on the 27th day of April, 1940, and left surviving him as his only heirs-at-law, Eliza Durbin, his wife, and Silas Durbin, his son. Letters testamentary were issued to Eliza Durbin as executrix of the last will and testament of George H. Durbin, on the 9th day of July, 1940.

Harry Zetsche testified on behalf of plaintiff, in substance that he was present when Eliza Durbin told his wife that she and her husband had agreed to make a will and that she had made a will leaving everything that she had to him and he everything that he had to her. Mrs. Zetsche testified that Mrs. Durbin had said that she and her husband agreed to make each other a will, ''and he made me a will and I made him a will, willing our property to each other.'' Mila Baldwin, a trained nurse who worked in the house of George Durbin in his last illness, testified that Mrs. Durbin told her that she and her husband had an agreement and a will between them, that she was to give her property to him and he was to give his to her. Testifying in her own behalf Mrs. Durbin admitted talking to these witnesses about the wills, but denied that she admitted that there was any agreement with reference thereto, which part of her testimony was competent.

It is the theory of plaintiff that these wills were executed pursuant to an oral agreement made between husband and wife, and as such constituted mutual wills; that thereafter on the 7th day of April, 1940, at a time when the condition of George H. Durbin, was such that he could not make another valid will, Eliza Durbin, executed a second and further will by the terms of which she disposed of all of her property to persons other than her husband and without his knowledge and consent; that said second will so executed by her was a violation of her alleged contract with George H. Durbin for the execution of mutual wills and therefore the will of George H. Durbin was thereby revoked. The exe-

cution of the second will by Eliza Durbin is not denied by defendants.

Upon trial by the court without a jury the decree found that the will of George H. Durbin date of September 2, 1908 was his lawful will, and that the other instrument dated September 2, 1908 purporting to be the will of Eliza Durbin and the said will of George H. Durbin were not mutual wills, and the complaint was dismissed for want of equity, from which judgment this appeal is prosecuted.

The rules of this court require that the concluding subdivision of the statement of the case shall be a brief statement of the errors relied upon for reversal. We find no such assignment of errors. Opposing counsel, however, do not raise the question as to the want of this, and we will consider the questions argued generally by plaintiff in his brief as ground for reversal of this judgment.

It is contended that the two wills executed by George H. Durbin and Eliza Durbin on the 2nd day of September, 1908, were mutual wills, and that the competent evidence in the record points to the fact that the two wills were executed pursuant to an agreement between the husband and wife. It is argued that because the instruments were identical in language and form, were drawn by the same scrivener and subscribed by the same attesting witnesses, and that there was an adequate consideration for the alleged agreement, inasmuch as both were owners of separate, individual properties, that this establishes a mutual will, and that the contract upon which that alleged mutual will was based could not be revoked. Such agreements must be established by the clearest and most convincing evidence and such contracts are sustained only when established by the clearest and strongest evidence. *Rice v. Winchell,* 285 Ill. 36–39; *Klussman v. Wessling,* 238 Ill. 568–572; *Frazier v. Patterson,* 243 Ill. 80–84. We are not inclined to hold that the decree in the lower court

was against the manifest weight of the evidence. There is nothing on the face of the wills, proving or tending to prove any contract or agreement to make the wills mutually disposing of their property, each for and in consideration of the will of the other.

If two persons make wills, each devising his property to the other, there is no necessary inference that the wills were the result of any mutual or reciprocal agreement or understanding. *Frazier v. Patterson, supra.* In the above case, the court say, ''To deprive either party of the right to revoke such mutual wills it is necessary to prove by clear and satisfactory evidence that such wills were executed in pursuance of a contract or compact between the parties, and that each is the consideration for the other.''

Eliza Durbin, in addition to testifying to conversations previously testified to by witnesses for plaintiff, was permitted to testify in some detail as to the circumstances attendant upon the execution of the wills by herself and husband, over the rather general objection of counsel, the court permitting her to testify, subject to the objection to her competency. Objection is here made that she was incompetent, under the statute to testify, as to any conversation or transactions between herself and her husband, prior to the time of his death. It is however, immaterial in this case, whether this testimony on behalf of defendants was or was not competent. It was incumbent upon plaintiff to establish the allegations of his complaint by a preponderance of the evidence. By its decree, by implication, the lower court held that this had not been done. Even if it be conceded that this part of her testimony objected to, was incompetent, upon which question we do not deem it necessary to express an opinion, we still do not believe that the decree entered by the trial court was contrary to the manifest weight of the evidence. Where the testimony on behalf of the plaintiff is not sufficient to sustain the allegations of his complaint,

the Appellate Court will presume that the chancellor disregarded any incompetent evidence and based his findings and the decree upon the failure of plaintiff to sustain his case. *Benton v. Kaneville Community High School Dist. No. 147*, 250 Ill. App. 6.

The evidence produced by plaintiff, tending to establish a contract to make a mutual will, was not of such satisfactory character, as to justify this court in setting aside the findings of the court below, who saw and heard the witnesses and is in a better position than this court to appraise their credibility, on conflicting testimony. The chancellor's finding on the facts from conflicting oral testimony will not be set aside unless it is against the manifest weight of the evidence. *Krabbenhoft v. Gossau,* 337 Ill. 396–404; *Arliskas v. Arliskas,* 343 Ill. 112-115; *Parker v. Ruley,* 317 Ill. 441–450; *Page v. Keeves,* 362 Ill. 64–72.

We think the case was properly disposed of by the trial court and its decree is accordingly affirmed.

*Decree affirmed.*